## PLANT INV. CO. v. COOK.[1]

### (Circuit Court of Appeals, Fifth Circuit. February 24, 1896.)

### No. 393.

1. CONTRIBUTORY NEGLIGENCE—DEFINITION.
A statement, in charging a jury upon the subject of contributory negligence, that the same "must be such negligence as a person of ordinary care and prudence would not be guilty of, when in the exercise of such prudence," is erroneous, in failing to give a sufficiently comprehensive definition of such negligence, and to point out the necessity of a proximate connection between it and the injury.

2. NEGLIGENCE—GROUNDS OF LIABILITY—CHARGING JURY.
In an action against the owner of a wharf for injuries caused to the plaintiff by a fall due to the presence of a slippery substance on the wharf, the court charged the jury that if the wharf was not in an ordinarily safe condition, on account of any slippery substance, and on account of that unsafe condition the plaintiff was injured, they should find for the plaintiff. *Held*, that such charge stated too broadly the conditions of defendant's liability; it should have been qualified by reference to the business conducted on the wharf, as bearing upon the question of its ordinarily safe condition, by pointing out the necessity of defendant's being found responsible for its condition, of the slippery substance being found to be the proximate cause of the injury, and of the plaintiff's being shown to have been free from contributory negligence.

3. SAME—ORDINARY CARE.
*Held*, further, that it was error in such case to refuse to charge that if the jury found certain things to have been done, of the doing of which there was some evidence, and that these things were all that ordinary care required the defendant to do, the jury should find for the defendant.

In Error to the Circuit Court of the United States for the Southern District of Florida.

S. M. Sparkman and Joseph E. Hartridge, for plaintiff in error.

Thos. M. Shackleford and N. B. K. Pettingill, for defendant in error.

Before PARDEE and McCORMICK, Circuit Judges, and BOARMAN, District Judge.

BOARMAN, District Judge. The action, as shown by the pleadings in the court below, was trespass on the case, for the recovery of damages in the sum of $15,000 for personal injuries caused by the negligence of defendant below, the Plant Investment Company. In the declaration, plaintiff below alleges, substantially: That the Plant Investment Company was in the full, unrestricted possession and control of certain wharves, known as the "Port Tampa Docks,"

[1] Rehearing denied April 21, 1896.

state of Florida, and kept the same open for the use of passengers to and from the steamers of the Plant Steamship Line; one of them being known as the steamship "Kissimmee," a common carrier of passengers between the said docks and the town of St. Petersburg, in said state. That on or about the 26th day of February, 1891, the plaintiff, while in the act of walking along said docks, at or near the landing place of the steamer Kissimmee, for the purpose of taking passage on said steamer, and while in the exercise of due diligence on her part, slipped and fell heavily upon her left side, and ankle of her left leg, on account of the slippery, insecure, and unsafe condition of the said wharves; the dock of same being carelessly and negligently kept and managed by the said defendant company, in this: that the said wharf was rendered slippery and unsafe to walk on by the presence of a slippery substance, to wit, cotton-seed meal saturated with water, which was left on the planks of said dock, carelessly, by the agent or employés of said defendant company. That in falling upon her left side she dislocated and otherwise injured her ankle, so that for many weeks she was unable to attend to her business, and in consequence thereof she suffered great pain, prostration of health, and incurred large expense for nurses and medical attendance. That at the time of the suit she had not recovered, and would always be lame and incapacitated to take care of herself, by reason of said injury. That in consequence of said injury she became sick and lame, and remained so for six months, during all of which time she was suffering intense pain, etc. Defendant below, to the said declaration, interposed a general demurrer, which was overruled, and afterwards filed three pleas: First, that the defendant was not guilty; second, that the injury was not caused by the negligence of defendant, but by that of the plaintiff; third, that the injury to plaintiff was caused by the contributory negligence of the plaintiff. The trial below resulted in a verdict for the plaintiff in the sum of $9,000.

During the progress of the trial a number of exceptions to the ruling of the court below were taken, and, in aid of them, it appears that all the testimony administered by either party to the jury is brought up in the record. The transcript shows 31 assignments of error presented by plaintiff in error. The plaintiff in error's brief shows 25 specifications of error relied upon. The first 2 specifications relate to the ruling of the court on the plea of jurisdiction, and the general demurrer to plaintiff's declaration. We think there was no error on the part of the court below shown therein. The assignments from the second to the eighth, inclusive, relate to the errors of the court below admitting, over the objections of the defendant, certain testimony to the jury. It may be that some of that testimony was erroneously admitted, but it was not of serious importance, in the view we take of the case. The tenth assignment comes under what we have just said above. In considering the ninth assignment, we think that the plaintiff, under the allegations averred in the declaration, as well as in the testimony offered by either side, should have stated her age to the jury, so they might have taken that fact into consideration with all the other evidence in the case; the failure of

the witness to answer the question may not be cause for reversal, but we can see no good reason for her refusing to answer it. All the other assignments relate to errors in the charge, and to the refusal by the court to give instructions asked for by plaintiff in error.

In order to discuss plaintiff in error's exceptions to the charge of the court, as well as to consider the assignments of error on the refusal of the court to give certain instructions, we will quote them as paragraphs, numbering them 1, 2, 3, from the court's charge, and from the instructions asked, which we think were improperly refused.

(1) The court below charged that:

"The defendant has alleged in its plea the contributory negligence of the plaintiff. This must be such negligence as a person of ordinary care and prudence would not be guilty of when in the exercise of such prudence."

(2) Court's charge:

"If you find from the evidence that the slip over which the plaintiff was passing to the steamer upon which she was to take passage was not in an ordinarily safe condition, on account of any slippery substance, and on account of that unsafe condition the plaintiff was injured, you will find for the plaintiff."

(3) Charge refused:

"If the jury believe from the evidence in this case that said sand was sprinkled on the slip, and that cleats were nailed on the slip for passengers to walk on, and that a gangway or staging was provided for passengers to walk on, and that either or all of these three things were all that those having charge of the wharf were bound to do, in the exercise of ordinary care, to prevent passengers intending to go on board the vessel alongside of the dock from falling, then the jury must find for the defendant."

We think the first paragraph quoted from the judge's charge shows error which may have been misleading to the jury,—not in what it says, but in failing to give a more comprehensive definition of contributory negligence. The inquiry of the jury, of paramount importance, as it appears to us, in rightfully determining the issues of fact submitted to them, should have been directed primarily by the court to ascertaining out of, or in, or to what actions, whether of the plaintiff or defendant, the proximate cause of the injury to the plaintiff should be implied or charged; so that the jury, having ascertained from or in what acts of either party the proximate cause sprung or inhered, could apply the law given to them by the court to the facts showing such said acts, and determine whether or not negligence was thereby established against either side, and, if established against the defendant, whether or not the acts of plaintiff contributed thereto. It may be that the plaintiff in error's complaint of error therein cannot be rightfully lodged against what was said by the learned judge in the first paragraph quoted from the first charge of the court, but we think the definition therein given by the court of contributory negligence may have been misleading, because it may be that some things were left unsaid therein which, in aid of the jury in making the inquiry we have suggested above, might well have been said by the court below. 1 Beach, Contrib. Neg. § 7, says:

"Contributory negligence, in its legal signification, is such an act or omission on the part of a plaintiff, amounting to a want of ordinary care, as,

concurring or co-operating with the negligent act of the defendant, is a proximate cause or occasion of the injury complained of. To constitute contributory negligence, there must be a want of ordinary care on the part of the plaintiff, and a proximate connection between that and the injury. Perhaps, besides these two, there are no other necessary elements. Certainly they are the two points of difficulty in the consideration of the question."

The second paragraph quoted from the judge's charge we think is subject to something of the same observations we have made as to paragraph No. 1. Stated as such charge was by the court, we think it was misleading, because it states too broadly and unconditionally the conditions of fact upon which the jury should find peremptorily for the plaintiff, and that the said charge lacks such modifications or qualifications as we think the court, under the facts, should have given to it. We can more tersely indicate our view of the qualifications which we think the court below should have added to the language of the second paragraph by stating the charge as we suggest it should, substantially, have been, under the facts, given to the jury:

If you find from this evidence that the slip over which the plaintiff was passing to the steamer, upon which she was to take passage, was not in an ordinarily safe condition—(such as the nature of the commercial business, shipping, etc., for which the slip, necessarily, was being daily used by the defendant company, as should or would be reasonably required for the safety of passengers going aboard of its steamers)—because or on account of any slippery substance being thereon; and you find that such condition, if faulty, in the sense of legal negligence, was chargeable to the defendant company; and you further find from the evidence that such slippery substance, being on said slip, was the proximate cause of the injury to plaintiff, and that the plaintiff, at the time of her injury, was not guilty of contributory negligence, —then you should find for the plaintiff.

It appears to us that if the jury had found that the evidence showed all the conditions, and no more, that were stated in the second paragraph of the judge's charge, the defendant would not necessarily have been liable, under such condition of facts. To hold a defendant liable for damages in a suit like this, the state of case must show such a faulty condition of things on the part of defendant as amounts, in law, to negligence; that such negligence is chargeable, in law, to defendant; that the proximate cause of the injury inhered in, and sprung out of, that negligence; that the plaintiff was free from contributory negligence. Applying such views to the facts in this case, we think the charge recited in the second paragraph was misleading, because it stated too broadly and unqualifiedly the liability of the defendant. It is true that the paragraph No. 2, quoted above, is followed in the court's charge by the following paragraph, favorable to defendant:

"If you find from the evidence that the slip was in an ordinarily safe condition, to one exercising ordinary care and prudence, and that the injury resulted either from a lack of ordinary care and prudence on the part of plaintiff, or from any unforeseen and unavoidable circumstance, you will find for the defendant."

This paragraph contains a statement, broadly made, in favor of the defendant; but we do not think that, if we read both of the paragraphs together, the objections which we have pointed out against

the second paragraph would be satisfied.     It may be that the objections we have suggested, to either or both of said paragraphs, would be less tenable, in favor of the plaintiff in error, if the court, in paragraph No. 1 of its charge, had, when directing the jury's attention to the issues of fact raised by defendant's answer charging plaintiff with contributory negligence, given a more illustrative or comprehensive definition of such negligence.

Upon the third paragraph showing a refused charge, the transcript shows there was testimony to the effect that the things therein stated on behalf of the defendant, or some of them, had been or were done by defendant company, to wit: There was a place on the slip leading to the steamer where there were cleats nailed down to walk on, and there were some places on the incline of the wharf or slip where sand had been sprinkled.     The matters therein to which plaintiff in error sought to have the jury's attention especially drawn were not covered in the charges of the court.     Such evidence might have shown to the jury that the defendant company, under all the circumstances attending its business as a common carrier, in receiving and discharging all sorts of merchandise, freight, etc., on the said slip and dock, may have had its wharves and dock in such condition for safety to persons taking passage on their steamers as it should have had, under all the circumstances, in the discharge of its duty to such persons or to the public.

We think there was error in the matters referred to in the court's charge, and in refusal to give the instruction asked for by plaintiff in error, quoted by us as paragraph No. 3.     The judgment of the circuit court is reversed, and the cause remanded for a new trial.