ELARANDA A. J. BROWN *et al.*, *Appellants*, V. THE UNION PACIFIC RAILROAD COMPANY, *Appellee*.

No. 16,313.

SYLLABUS BY THE COURT.

RAILROADS—*Injury to Passenger—Proof of Negligence*. To sustain an action for damages occasioned by the alleged negligence of another it is necessary for the claimant not only to show that the injury occurred, but to produce sufficient evidence to show *prima facie* that such injury occurred through the fault of the other. It is not sufficient to show circumstances which would indicate that the other party might have been guilty of negligence, especially when the evidence furnished suggests with equal force that the injury might have resulted without fault on the part of the other party.

Appeal from Dickinson district court; OSCAR L. MOORE, judge. Opinion filed February 12, 1910. Affirmed.

*E. C. Little,* for the appellants.

*R. W. Blair, H. A. Scandrett,* and *B. W. Scandrett,* for the appellee.

The opinion of the court was delivered by

SMITH, J.: This action was brought by the appellants, as next of kin, to recover from the appellee damages for the alleged killing of John Brown, who was the husband of Elaranda A. J. Brown and father of the other appellant. The petition of the appellants sufficiently alleged negligence as the proximate cause of the death. The appellee answered by a general denial and an allegation of contributory negligence. At the trial a jury was impaneled and the appellants introduced their evidence. The appellee demurred to the evidence as insufficient to sustain a cause of action, and this demurrer was sustained and judgment rendered against the appellants for costs.

Some other questions are argued, but the only real question in the case is the sufficiency of the evidence, construed in the light most favorable to the appellants, to sustain a cause of action. The evidence introduced shows *prima facie* that the deceased was a passenger on the appellee's railroad from Kansas City, Mo., to Abilene, Kan. Nothing unusual in his demeanor is shown. The train arrived at Abilene and stopped at that station about eleven o'clock at night, and a few minutes after it had passed on to the westward the deceased was found two or three hundred feet east of the depot, lying close to the north rail of the main track, the dissevered legs between the rails, and many bruises and wounds on other parts of the body. The surface of the cinders and the blood on the rails indicated that the body had been dragged twenty-five or thirty feet to the position where it was found. Death occurred early the following morning.

So far as is shown, no one saw the deceased leave the coach in which he was riding, no one saw him fall,

and nothing is shown in regard to the occurrence except as before stated. The train was a vestibule train, consisting of two or three day coaches, one of which was used as a smoker, in which so far as shown the deceased rode. There were also two or three sleeping cars.

It is alleged in the petition that the employees of the appellee negligently opened the vestibule to one of the coaches before the train arrived at the depot, and by inference at least invited the passengers to assemble in the vestibule, so that they might alight as quickly as possible upon the stopping of the train; that the train was running unreasonably fast just before reaching the depot, and, as the deceased was waiting in the vestibule preparatory to alighting, the train was stopped with unnecessary and unusual suddenness, and thus jerked and threw the deceased out of the vestibule and under the wheels of the car.

As before said, there is no evidence to support these allegations. We have the question squarely presented whether negligence on the part of a railroad company is to be inferred from the bare fact that a passenger was riding upon a vestibule passenger train which arrived at the station of his destination, and immediately after it had departed therefrom he was found mangled beside the rail in such manner that it is evident that his injuries were received by his being run over by the wheels of the train.

Many authorities are cited to the effect that where a train or coach in which a passenger is riding is derailed, or where some other accident happens to the train, occasioned by defects in the appliances thereof, or in the track, and injury to a passenger occurs by reason thereof, negligence on the part of the railroad company is to be presumed. In all such cases the presumption is founded upon proof of facts sufficient to account for the injuries sustained, and, in the absence of proof of any other cause for the injury, the natural

presumption is that it occurred through the negligence of the railroad company, special emphasis being given to the great degree of care and precaution required of railroad companies in the transportation of passengers for their safety.

The circumstances in this case necessarily indicate that some one of the vestibules of the train was opened at least three or four hundred feet before the train stopped at the station. The evidence of the appellants shows that the deceased was somewhat accustomed to traveling upon trains, especially the trains of the appellee, in shipping stock to Kansas City and returning on its trains, and it is not a long-drawn presumption that men accustomed to traveling upon vestibule trains know how to open the vestibules. It is a very simple matter, as detailed by the evidence, and the method of opening is apparent to any man of mature age and experience. Nor does it require any great physical exertion. Whether a porter or some employee of the appellee opened a vestibule out of which the deceased must have fallen, or whether he opened it himself, is a matter simply of conjecture. However the vestibule may have been opened, it is also a matter simply of conjecture how he happened to fall. There is no evidence of anything unusual, either in the speed of the train or in the manner of its stopping. It is not a necessary or even a usual incident for a person who happens to be in a vestibule that is open to fall out of it. The presumption is that the deceased was in the exercise of due care for his own safety, and it is probably also a fair presumption that he was in the possession of his usual faculties and able to care for himself. It is also a fair presumption, there being no evidence to the contrary, that the vestibule was fairly well lighted in the usual way. All these presumptions, being indulged, do not account for the accident. On the other hand, they indicate that no such accident could have occurred. But an accident did occur, which resulted in the death of a

Brown v. Railroad Co.

passenger. What was the proximate cause of the accident, and who was in fault? The evidence affords no answer to these questions. Nor does any presumption afford any answer thereto.

The appellants, unable to find in the evidence any specific answer to these questions, invoke the doctrine of *res ipsa loquitur*, which simply means, the thing or the circumstances speak for themselves. If a passenger be found dead in a wrecked train immediately or soon after the wreck occurred, the passenger having been seen sitting in a seat of a coach therein shortly before the accident happened, and there is nothing else shown to account for the death, the doctrine invoked would apply. It applies in this case to the cause of the injury. The deceased having been found mangled by the side of the rail, with the legs on the other side of the rail, crushed and dissevered from the body, the circumstances speak for themselves that the injury occurred by the train passing over the body. The circumstances do not, however, indicate how the person happened to fall under the train or whose fault occasioned the fall, if it be the fault of anyone. In this case the vestibule from which the fall occurred may have been negligently left open by the employees of the appellee, the vestibule may have from some unknown cause become darkened, and the deceased may have passed into the vestibule, moved by the natural impulse of reaching home as soon as possible, and, unable to see that the doors of the vestibule were already opened, may have advanced to open them and fallen to his destruction through the fault of the employees, and without any fault on his part. Again, the deceased may have been suffering from vertigo in the smoking car and passed into the vestibule and opened it for himself, and from dizziness may have fallen out of it without any fault on his part or on the part of any employee of the appellee. As before said, it is all conjecture. To sustain an action for the alleged negligence of another, it devolves upon the

45—81 KAN.

party asserting negligence to produce sufficient evidence at least to make a *prima facie* case that his alleged damages occurred through the neglect of some duty which the other party owed to him, and until he has done so he has failed to produce evidence sufficient to sustain a cause of action. (*Hart v. Railroad Co.*, 80 Kan. 699.)

We are compelled to hold with the court below that the appellants in this case failed to offer such proof, and the judgment of the trial court therefore is affirmed.