JOHN T. O'KEEFE, *Appellant*, v. THE KANSAS CITY WESTERN RAILWAY COMPANY, *Appellee*.

No. 17,502.

### SYLLABUS BY THE COURT.

1. NEGLIGENCE — *Personal Injuries—Concurrent Causes—Measure of Damages*. Where personal injuries result in part from the negligence of the defendant, and in part from plaintiff's voluntary intoxication, but such intoxication is not a contributory cause of the injury, the plaintiff may recover for the injuries that he would have suffered if sober.

2. —— *Same*. In such a situation the jury should from all the evidence determine what compensation ought to be given for pain, suffering, disability and losses they find to be fairly chargeable to the defendant's negligence, but not including (under the petition in this case) any added injuries or losses resulting from intoxication.

3. —— *Same*. An instruction that before the plaintiff can recover in such a case he must show what the amount should be, and that if "the jury can not determine how much of any damage sustained is due to the defendant and how much to the plaintiff," the plaintiff can not recover, is misleading and erroneous.

Appeal from Leavenworth district court. Opinion filed June 8, 1912. Reversed.

*Benjamin F. Endres*, and *Malcolm N. McNaughton*, for the appellant.

*Fred Hutchings*, *W. W. Hooper*, and *A. M. Jackson*, for the appellee.

The opinion of the court was delivered by

BENSON, J.: This action is to recover for injuries to the appellant while a passenger in the defendant's street car. The verdict and judgment were for the defendant. Errors are alleged in the instructions, for which a new trial is asked.

The petition alleges negligence in the construction and maintenance of the track with a "sharp curve or

O'Keefe v. Street Railway Co.

jog," and that it was dangerous and unsafe to operate cars upon this curve at a high rate of speed; also, that an ordinance of the city limited the speed of street cars to twelve miles an hour.  It was averred that at the time of the alleged injury the car in which appellant was riding was being negligently operated at a very high and dangerous rate of speed, so that it came upon the curve referred to with such violence as to cause a lurch or jolt whereby the appellant, who was upon the rear platform with other passengers preparatory to leaving the car, was thrown from the car and severely injured.  The answer contained a general denial, and pleaded contributory negligence.

Evidence was offered tending to prove that the car was running at about eighteen or twenty miles an hour; that it lurched at the curve; and that appellant, a passenger thereon, was thereby thrown off and injured as alleged.  On the part of the appellee evidence was offered tending to prove that the appellant was intoxicated when he boarded the car, and was requested to go inside, but remained upon the platform until he fell off because of his condition, and that his injuries were caused by the use of intoxicants.

At the request of the appellee the court gave the following instruction touching this matter:

"The jury are instructed that if they believe from the evidence that plaintiff's condition was partly caused by the negligence of defendant and partly caused by plaintiff's voluntary and excessive use of intoxicating liquors, and you can not separate the two, then the plaintiff can not recover in this action, because it is not only necessary in an action such as the one at bar, for the plaintiff to show that he is entitled to recover from the defendant, but he must also show what the amount of such recovery should be, and when the testimony discloses such a situation that the jury can not determine how much of any damage sustained is due to the defendant and how much to the plaintiff, then plaintiff has failed to present such a case as makes recovery possible."

In an action of this nature there is no precise rule for determining the exact amount to be awarded, which must be left to the sound discretion of the jury under instructions stating the elements to be considered. The substance of this instruction was that if the appellant's habit of being intoxicated, or intoxication at the time, increased his damages, and the appellant had not definitely shown to what extent, he could not recover. It will be observed that they did not relate to contributory negligence, that is, to intoxication which contributed to cause the appellant to fall and be injured, but to added or increased injury and resulting damages caused by intoxication. If he suffered any additional injury from that cause the jury were precluded from returning a verdict in his favor unless he had shown what *amount* of damages was caused by the negligence of the company alone, excluding any damages resulting from the use of intoxicants. A party presenting a claim of this nature should produce evidence showing the manner, circumstances and extent of the injury, the loss of time and its value, the necessary expenses, if any, and any other element of damages permissible in the particular case. But the amount to be awarded must be left to the jury. Ordinarily it can not be definitely fixed by the evidence. Where personal injuries result in part from the negligence of the defendant, and in part from voluntary intoxication, but such intoxication is not a contributory cause of the injury, the plaintiff may recover for the injuries that he would have suffered if sober. In such a situation the jury should, from all the evidence, determine what compensation ought to be given for pain, suffering, disability and losses they find to be fairly chargeable to the defendant's negligence, but not including (under the petition in this case) any added injuries or losses resulting from intoxication. This is said only of the damages resulting in such a situation, and not of con-

O'Keefe v. Street Railway Co.

tributory negligence which might prevent any recovery.

In an action for damages for malpractice, where it was claimed that the pain and suffering complained of were in part the result of an ailment for which the defendant was not responsible, an instruction was given as follows:

"In such case it will be necessary, as best you may, from the evidence to distinguish the pain, suffering, and injuries or ill health of the plaintiff, if any,. chargeable to the fault of the defendant, from those chargeable to her condition when the defendant was called to treat her, and also those, if any such there are, justly chargeable to the treatment of other physicians, or to any other cause." (67 Wis. 510.)

In approving this instruction the court said:

"The difficulty suggested by counsel in assessing damages under the rule laid down by the court is rather imaginary than real, as in all other actions to recover unliquidated damages the jury must assess the same according to their best judgment, with due regard to all the circumstances of the case proved on the trial affecting the amount of damages." *(Gates v. Fleischer,* 67 Wis. 504, 510, 30 N. W. 674; 3 Sutherland on Damages, 2d ed., § 1244, and note.)

The instruction in this case upon which comment has been made can not be interpreted to refer to contributory negligence—that subject was fully treated in other instructions—but related, as the language fairly shows and the jury must have understood, to damages partly caused by the use of intoxicants, even if such use or intoxication did not contribute to the fall. It is hardly necessary to say that a person may be intoxicated and yet such intoxication may not contribute to cause an injury he receives while in that condition. Whether it did or not is a fact to be determined in any particular case.

It appears from the counter abstract that the appellant stated during the trial that if he was under the

influence of liquor at the time and fell off the car for that reason, then he would not claim a recovery, and it is argued that any error in the instructions referred to was therefore immaterial. It will be noted, however, that there was an important qualification in this statement not contained in the instruction, viz., that his fall was because of his intoxication.

Other instructions are criticized because they assumed the fact of intoxication, which was in dispute, but in one instruction at least the jury were told that it was a question of fact for them to decide whether the plaintiff was intoxicated.

The stenographer's notes were destroyed in the burning of the court house, and the transcript of the evidence was made up under the direction of a judge succeeding the one who presided at the trial. This situation prevented that absolute certainty concerning the evidence ordinarily attainable. The judge certifies that material evidence was given at the trial not included in the transcript, and from this fact it is argued that alleged errors in the instructions can not be considered. But from the instructions (which were preserved) and the statements of the parties, it plainly appears that the intoxication of appellant was one of the principal matters in controversy before the jury. It is treated at length in several instructions and must be considered material. The omitted evidence on this subject it appears was only cumulative, and that given upon other matters, if any, would not affect the questions we have considered. No other waiver is suggested than the statement of the appellant, upon which comment has already been made.

Another matter discussed in the briefs is that the jury, before returning a verdict, requested the court to inform them what was said in the instruction about gates upon the car, to which the court answered that gates had not been mentioned, and the question of gates had nothing to do with their determination of

the case.    In describing the car in the petition it is briefly stated, among other things, "that there were no gates on the back end of said car."    The court in stating the issues from the pleadings repeated this language.    No testimony appears in the abstract relating to gates, and it must be presumed that no claim or proof of negligence was presented on that subject.    The casual mention of gates in stating the issues was probably deemed immaterial in answering the question of the jury, and they were correctly informed that there was nothing for them to consider on that subject.

An instruction to the effect that there could be no recovery because of any diminished earning powers of the appellant was based, it seems, in part upon the supposed lack of an allegation in the petition presenting that element of damages.    The petition, however, is deemed sufficient in this respect to permit the admission and consideration of evidence on that subject.

Because the instructions relating to damages which have been examined and commented upon were misleading and erroneous to a degree prejudicial to the appellant, the judgment is reversed and the cause remanded for a new trial.