No. 18,829.

JOHN T. O'KEEFE, *Appellant*, v. THE KANSAS CITY WESTERN RAILWAY COMPANY, *Appellee.*

SYLLABUS BY THE COURT.

1. PERSONAL INJURIES — *Negligence* — *Burden on Plaintiff to Prove Negligence as Alleged.* There being no evidence of any accident to the car or to any of the appurtenances thereto or to the track, proof of appellant's injury was not sufficient to cast the burden of proof upon the appellee to show that the company or its employees were not guilty of any negligence that caused the injury to the appellant, but it devolved upon the appellant to establish his allegation that his injury was caused by the negligence of the appellee or its employees operating the car.

2. SAME—*Former Decisions—Relating to Personal Injuries Distinguished.* The word "accident" as used in the rule stated in the first paragraph of the syllabus in *Railroad Co. v. Burrows,* 62 Kan. 89, 61 Pac. 439, and in *Railway Co. v. Brandon,* 77 Kan. 612, 95 Pac. 573, refers to an accident to the car or train in which the passenger was riding and not to an individual accident to a passenger.

Appeal from Leavenworth district court; JAMES H. WENDORFF, judge. Opinion filed November 14, 1914. Affirmed.

*Benjamin F. Endres, John T. O'Keefe,* and *Malcolm N. McNaughton,* all of Leavenworth, for the appellant.

*W. W. Hooper,* of Leavenworth, *J. McCabe Moore,* of Kansas City, and *C. F. Hutchings,* of Kansas City, Mo., for the appellee.

The opinion of the court was delivered by

SMITH, J.: This appeal is from a second trial. The former judgment for defendant was on appeal reversed in *O'Keefe v. Street Railway Co.,* 87 Kan. 322, 124 Pac. 416. The action was again tried on the same pleadings and again resulted in a judgment for defendant.

The former opinion epitomizes the petition and

O'Keefe v. Street Railway Co.

answer. The reply was a general denial. The case was tried to a jury, and after the oral testimony was introduced and the instructions were given, the jury were sent, in charge of a bailiff, to view the place where the accident occurred while defendant's cars were being operated over it.

All the allegations of the petition as to the negligence of the defendant were specifically detailed therein, and in turn the answer, after admitting that it was a street railway corporation and common carrier and that it owned and operated the street railway at the time and place of the accident, alleged that if the plaintiff was injured as alleged it was caused by his own negligence directly contributing thereto, and further denied all of the allegations of the petition.

An ordinance of the city was pleaded and admitted which, in effect, provided that the running of a street car at the time and place of the accident in excess of twelve miles per hour would be unlawful. There was evidence that the car was running eighteen to twenty miles an hour, and on the defense that it was running only about four miles per hour.

The evidence shows without any conflict that no accident happened to the car, but that the plaintiff, standing on the platform of the car, was thrown therefrom by the speed of the car and a jog at a bend of the track, or that he simply fell off as the car turned at the curve of the track, or that both causes contributed to his fall. It is also contended by defendant and denied by plaintiff that plaintiff was to some extent intoxicated, and was by reason thereof unable to maintain his position on the platform of the car; that he was on the platform of the car in the alleged condition when there was room for him to be seated inside the car.

The principal contention of the plaintiff is that the court by its instructions placed upon him the burden of proving that the defendant was guilty of negligence which caused the accident and injury, whereas he

contends that he had only to show that he was a passenger upon a street car which was engaged in the business of carrying passengers for hire, and was injured while riding thereon; that thereupon the law presumes the carrier has been guilty of negligence which caused the injury and the burden is upon it to rebut the presumption.

The appellant especially contends that instructions 4 and 6, given by the court, are erroneous. These instructions read:

"4. The burden of proof is upon him to show, by a preponderance of evidence, that the injuries were received and for which he asks damages, were caused by the negligent acts or omissions of the defendant or its employees in the manner described in his petition in this case.

"6. You are instructed that the plaintiff, in order to recover a verdict at your hands in this case, must by a preponderance of the evidence, satisfy your minds that the injuries he complains of were caused by the negligent acts or omissions of the defendant, as alleged in his petition."

In *Gleeson v. Virginia Midland R'd Co.*, 140 U. S. 435, 11 Sup. Ct. Rep. 859, 35 L. Ed. 463, it was said:

"The law is that the plaintiff must show negligence in the defendant. This is done *prima facie* by showing, if the plaintiff be a passenger, that the accident occurred. If that accident was in fact the result of causes beyond the defendant's responsibility, or of the act of God, it is still none the less true that the plaintiff has made out his *prima facie* case. When he proves the occurrence of the accident, the defendant must answer that case from all the circumstances of exculpation, whether disclosed by the one party or the other. They are its matter of defense. And it is for the jury to say, in the light of all the testimony, and under the instructions of the court, whether the relation of cause and effect did exist, as claimed by the defense, between the accident and the alleged exonerating circumstances. (p. 444.)

The plaintiff cites *Phila., Wilm. & Balto. R. R. Co. v. Anderson,* 72 Md. 519, 20 Atl. 2, 20 Am. St. Rep. 483,

which, as to the burden of proof, after the plaintiff in an action for damages as a passenger while riding in a car, has proven the accident and his injury, accords with the Kansas cases hereinafter cited. An extended note citing a great number of cases is appended which disclose some contrariety of opinion, but the trend of these cases is also in accord with the Kansas cases.

It is contended that the rule stated in *Railroad Co. v. Burrows,* 62 Kan. 89, 61 Pac. 439, and followed in numerous Kansas cases cited in *Railway Co. v. Brandon,* 77 Kan. 612, 95 Pac. 513, and other cases cited by appellant, to wit, that after the plaintiff in an action for damages, alleged to have been suffered by him as a passenger, while riding in a car, has proven the accident and his injury, a presumption of negligence arises against the railroad company, and that the burden of proof rests upon the railroad company to clear itself of such charge and to prove that the accident did not occur through its negligence.

The word "accident" as used in these cases refers to an accident to the car, train, track or machinery employed in the conveyance or appurtenances thereto, and not to any accident to the passenger. The word "injury" is generally applied to the effect on the passenger. The throwing off or falling off of the plaintiff may properly be termed an accident to him, but, as said, it is not such an accident as is contemplated in the authorities cited. In this case there is no evidence of any accident occurring to the car upon which he was riding, or to any of the machinery employed in propelling or controlling the car, or to the track, just prior to the injury he received. It seems that the plaintiff in his brief confuses the terms and treats the mishap which occurred to him as an accident, when the meaning of the word was as used in the cases cited. When an accident occurs to a street car or railway train, such as the derailment of the car or train, the breaking of a rail or of the machinery or the appli-

ances, from which an injury results to a passenger, the presumption arises that the company is guilty of negligence in not anticipating and repairing the defective part. The rule, however, does not apply to every injury which may happen to a passenger in a train or car which may properly be called an accident to the passenger.

No accident occurred to the street car, as shown by the evidence, at the time of the injury of the plaintiff. It was a mishap or accident to him, and may have occurred through the negligence of the company's employees in running the car more than twelve miles per hour, as limited by the ordinance, or by some defect in the track, or by both combined, as claimed by the plaintiff, or it may have happened by the negligence of the defendant or by the combined negligence of the company and the contributory negligence of the plaintiff. In this case there is no presumption of negligence or contributory negligence on the part of either party. The cause of the injury was a question to be determined by the jury. The verdict of the jury was in favor of the defendant company, and it is therefore to be presumed that they found either that the negligence of the plaintiff was the cause of the injury or that he was guilty of contributory negligence which, combined with the negligence of the defendant, was the cause of the injury; in either of which cases the defendant was not liable.

In this respect the case is somewhat similar to the case of *Hart v. Railroad Co.*, 80 Kan. 699, 102 Pac. 1101, and to *Brown v. Railroad Co.*, 81 Kan. 701, 106 Pac. 1001. In these cases no accident occurred to the trains upon which, respectively, the injured persons were riding, and in neither case was there any evidence as to whether the injured persons or the railroad company was guilty of negligence which caused the injury. In each case it was evident that the deceased fell through an open vestibule in a car to his death,

O'Keefe v. Street Railway Co.

and there was no evidence in either case as to who caused the vestibule to be opened. It was held in each case that the representative of the deceased could not recover from the railroad company for the reason that no negligence on the part of the railroad company had been proven, and that the burden of such proof, in each case, was upon the plaintiff therein.

Under the facts of this case the burden rested upon the plaintiff to prove that the company, either by running the train at an excessive speed or by a defect of its track, or both combined, was guilty of negligence which caused the injury to the plaintiff.

If the plaintiff introduced evidence tending to show such negligence on the part of the company as, in the opinion of the jury, was sufficient to account for the injury, the jury should have returned a verdict in favor of the plaintiff, unless they further believed that the plaintiff was guilty of contributory negligence without which the injury would not have occurred, and if they so believed the verdict should have been for the defendant.

There was some evidence tending to support both of these hypotheses, and the general verdict of the jury in favor of the defendant amounted to a finding in favor of defendant as to both questions.

Several other questions are raised and ably presented in the brief of appellant, but we think the questions above discussed are, under the verdict of the jury, determinative of the case.

The judgment is affirmed.