SEARS, ROEBUCK & COMPANY v. MARY C. GEIGER, *et vir.*

167 So. 658.
Opinion Filed March 16, 1936.
Rehearing Denied May 6, 1936.

*Hugh Akerman & William H. Dial,* for Plaintiff in Error;

*Ellis F. Davis* and *George F. Garrett,* for Defendant in Error.

WHITFIELD, C. J.—This is an action to recover damages for personal injuries received by a customer while walking along an aisle open for, and used by, patrons in a department-store, by the customer's clothing being caught by a portion of a bicycle rack extending into or near the aisle which caught her clothing and caused the customer carrying purchases in her arms to fall upon the rack and receive serious injuries to her person.

In such case where there is no substantial evidence adduced by the defendant or appearing in the evidence for the plaintiff, to sustain the plea of contributory negligence filed by the defendant as a bar to the action, the trial court will not be held in error for withdrawing such plea from the case after all the testimony had been presented.

In this case the customer had no occasion to anticipate danger from a protruding object or otherwise, in walking in the aisle of the store, and the mere fact that when she was injured she was carrying large bundles of purchases in her arms, does not show contributory negligence. She had a right to carry bundles and to assume that nothing was in or near the aisle to come in harmful contact with her clothing, and it is not shown that she was warned of a possible danger or that she was in any way negligent while walking in the aisle. A store should be safe for customers, and where there is no warning or occasion to anticipate or to apprehend danger in using the aisles in the store, the customer is not required to be extra careful to look for dangers while walking in the store aisles.

There is no substantial evidence to justify an inference of contributory negligence to bar a reasonable recovery

under the general issue, nor any evidence to show the plaintiff reasonably should have known of any danger to customers walking in the aisle or that the plaintiff negligently came in contact with an object of danger or that she had warning or cause to anticipate or to avoid an object of danger within the reach of her clothing as she proceeded along the usual aisle of a store open to the public. See Christopher Co. v. Russel, 63 Fla. 191, 58 So. 45 Ann. Cas. 1913C p. 564; So Express Co. v. Williamson, 66 Fla. 286, 63 So. 433, D. R. A. 1916C, 1208; A. C. L. R. Co. v. McCormick, 50 Fla. 121, 52 So. 712; Fla. Motor Transportation Co. v. Hillman, 87 Fla. 512, 101 So. 31.

"It is not contributory negligence to fail to look out for danger when there is no reason to apprehend any." Crosby v. Donaldson, 95 Fla. 365, 116 So. 231.

Affirmed.

TERRELL, BROWN and DAVIS, J. J., concur.

ELLIS, P. J., and BUFORD, J., dissent.

BROWN, J. (concurring).—If, as it appears here, the plaintiff was not guilty of any negligence proximately contributing to the causing of the injury complained of, there was no error in withdrawing from the consideration of the jury the pleas setting up contributory negligence. But where there is any negligence on the part of the plaintiff, trial courts should be careful; as the question of proximate cause is almost always a jury question. See Atl. Coast Line R. Co. v. Webb, 112 Fla. 449, 150 So. 741; Seaboard A. L. R. Co. v. Watson, 94 Fla. 571, 113 So. 716. "It is well settled that negligence, in order to render a person liable, need not be the sole cause of an injury. While mere concurrence of one's negligence with the proximate and efficient cause of the disaster will not create liability, he is liable if his negligence concurred with that of another, or with an Act of

God, or with an inanimate cause, and became a part of the direct and proximate cause, although not the sole cause. Causes are concurrent when they act contemporaneously to produce a given result. But if two distinct causes are successive and unrelated in their operation, they cannot be concurrent. One of them must be the proximate and the other the remote cause, and the law will regard the proximate as the efficient and responsible cause, disregarding the remote cause." 22 R. C. L. 128; Fla. E. C. Ry. Co. v. Wade, 56 Fla. 620, 43 So. 775; S. A. L. R. Co. v. Mullin, 70 Fla. 450, 70 So. 467, L. R. A. 1916 D 982, Ann. Cas. 1918A, 576; Benedict Pine Apple Co. v. A. C. L. R. Co., 55 Fla. 514, 46 So. 732, 20 L. R. A. (N. S.) 92; Starling v. Gainesville, 90 Fla. 613, 106 So. 425. A. C. L. R. Co. v. Weir, 63 Fla. 69, 58 So. 641, 41 L. R. A. (N. S.) 307. Contributory negligence is such an act or omission on the part of a plaintiff, amounting to a want of ordinary care, as, concurring or co-operating with the negligent act of the defendant, is a proximate cause of the injury complained of. Plant Inv. Co. v. Cook, 74 Fed. 503, 505; 1 Beach on Cintributory Negligence, par. 7.

DAVIS, J. (concurring with WHITFIELD, C. J.).—In this case a customer sued a storekeeper, the declaration alleging failure of the shop owner to provide a safe place for its customers to shop. The alleged negligence complained of consisted of the act of the store owner in so maintaining an unguarded bicycle display rack near the aisle of the store, wherein customers were impliedly invited to walk in and out of the same, that plaintiff, who was burdened with packages representing purchases she had made in the store caught her dress in, and fell upon and against the same, and was injured, while she was departing from the defendant's place of business in the usual and ordinary manner via the aisle-

way wherein the bicycle rack was negligently allowed to occasion plaintiff's danger and peril as a customer.

The Circuit Judge submitted the cause to the jury for trial on the plea of not guilty, but refused to submit to the jury any issue of contributory negligence based upon the theory of pleas interposed to the effect that the plaintiff knew "or should have known" of the existence of the bicycle rack and its dangerous misplacement, at the time she was injured. Thus the case, as submitted to the jury, was tried on the theory of proximate cause, namely: Was the defendant's misplacement of the bicycle rack in the customer's line of egress from its store the sole proximate cause of the injury sustained, or was the plaintiff's failure to heed and observe the danger as created by the defendant's admittedly wrongful act in creating a dangerous way of egress for plaintiff, the sole proximate cause of the injury? The jury found for the plaintiff, so the question on appeal, is whether or not any issue of contributory negligence was, or could have been under the law, triable by the jury in view of the evidence adduced which was to the effect that the plaintiff, while leaving the defendant's store, without having any *proven* knowledge of the existence of any danger in defendant's way of egress provided for her exit from defendant's store after loading herself down with bundles to take out to her car, caught her dress on defendant's bicycle rack that should not have been allowed in the condition that it was at the time of the injury.

As I read the record, the issues triable upon the pleadings were properly submitted to the jury, and therefore the judgment ought not to be reversed, but should be affirmed.

Contributory negligence in the law of torts is defined as the plaintiff's share in a united, mutual and contemporaneous act of negligence on the part of both parties to a transaction

that has resulted in one single mutually occasioned proximate cause of the damages plaintiff has sustained and for which he sues. The doctrine of contributory negligence as a complete defense originated in the ancient case of Butterfield v. Forrester, 11 East. 60, 19 Eng. Rul Cases 189, and has been considered by courts and law writers as largely a rule of convenience, rather than one promoting the administration of exact justice in all cases.

Under the true doctrine of contributory negligence, unless the ultimate injury sued for was the natural and probable consequence of an act of negligence on the part of the defendant so that only by its united and contemporaneous *concurrence* with a mutual act of negligence on the part of the plaintiff, of the same kind and quality, was it sufficient to become and be the sole proximate cause of the damage, the defense of contributory negligence cannot arise nor be legally asserted, no matter what may have been the incidental negligence of the plaintiff in the circumstances sued for. This is so, because the distinction between proximate cause and contributory negligence as a defense is a marked one.

The question of liability resolves itself solely into one of proximate cause and not contributory negligence as a defense, where, although both plaintiff and defendant may have been severally negligent at the time of an injury, the negligence of the two actors (plaintiff and defendant) *did not unite as one proximate cause* of the happening complained of, and was not mutual nor contemporaneous as the effective agency by which the injury was brought about.

The very name, "contributory" negligence, suggests the theory of the law on this subject. The legal definitive term "contributory" as applied to a plaintiff's negligence should not, in my opinion, be converted by judicial declarations

carelessly phrased in general language, into what is nothing more than a novel doctrine of "counter negligence," as a justification for one's own admitted negligence.

The rule of law is well settled in the adjudicated cases and in the text books, that even where it appears that a plaintiff suing for an injury was negligent in a general sense at the time that it was sustained by him, but his own negligence only afforded an opportunity, or was merely attendant upon the occasion of such injury, or was simply a condition that existed at the time plaintiff's injury happened, without being united with defendant's *particular negligence sued for,* in such way that it can be inferred that plaintiff was not only negligent himself at the time he was injured, but that his negligence at such time united as the mutual, contemporaneous proximate cause of the damages complained of, that then the negligence shown on plaintiff's part cannot be said to be "contributory" negligence of the kind that bars recovery. On the contrary, it is merely an incidental or collateral negligence that, although forming a part of the *res gestae,* is nevertheless not pleadable nor provable in bar of plaintiff's suit for a wrong done him by defendant's negligence amounting to the sole proximate cause of what happened.

To constitute *contributory* negligence pleadable as a bar to an action for defendant's negligence, the plaintiff's negligence set up as a defense, must not only be shown to have been present at, or about, the time plaintiff's injury was suffered as the result of defendant's separately considered negligence, but it must be concurrent, as well as contemporaneous, with that of the defendant, and unite with the defendant's negligence in constituting the sole and single indivisible proximate negligence cause of the damage sued for.

Furthermore, the alleged contributory negligence must be of the same kind (quality), must be immediate, and grow out of the same transaction, and not be something distinct and independent, or remotely related to the alleged negligent acts of the defendant. The following leading cases in the United States clearly sustain this view as to the correct doctrine, and I have found no decision holding to the contrary, with regard to the definition of "contributory" negligence as contra-distinguished from "counter" negligence set up as the sole proximate cause of a particular injury complained of. See: O'Keefe v. Kansas City Webster Ro. Co., 87 Kan. 322, 124 Pac. Rep. 416, 48 L. R. A. (N. S.) 135; Scheirer v. Banner Rubber Co., 227 Mo. 347, 126 S. W. Rep. 1027, 21 Ann. Cas. 1110, 28 L. R. A (N. S.) 1207; Isbell v. New York & N. H. R. Co., 27 Conn. 393, 71 Am. Dec. 78; Indianapolis Traction & Term. Co. v. Kidd, 167 Ind. 402, 79 N. E. Rep. 347, 10 Ann. Cas. 942, 7 L. R. A (N. S.) 143; Northern Central Ry. Co. v. State, 29 Mo. 420, 96 Am. Dec. 545; Jeffords v. Florence County, 165 S. C. 15, 162 S. E. Rep. 574; Blume v. Chicago M. & St. P. R. Co., 133 Minn. 348, 158 N. W. Rep. 418; Ann. Cas. 1918D 297.

Where the negligence of the defendant is the proximate cause of an injury for which suit is brought, and that of the plaintiff only the remote cause, the plaintiff may recover notwithstanding his own negligence, because in such circumstances, the doctrine of the "last clear chance" which is applicable in this State under our decisions, permits the plaintiff to recover even though he may have been guilty of some counter negligence on his part.

The defense the defendant attempted to assert under its plea of contributory negligence filed in this case was not that plaintiff had any part in placing the bicycle rack where

it subsequently caused her injury, nor that she had any duty or responsibility in connection with it.

Plaintiff was a customer in defendant's store. She was under no duty to inspect the premises whereon she had been invited to trade, in order to anticipate and avoid peril from dangerous obstacles placed in her path which she had the legal right to assume, without inspection, was free of such dangers as she later encountered in the form of the negligently maintained bicycle rack upon which she fell. See: Southern Express Co. v. Williamson, 66 Fla. 286, 63 Sou. Rep. 433.

The plea of contributory negligence was therefore bad in itself insofar as it undertook to allege as a defense that plaintiff "by the exercise of ordinary and reasonable care for her own safety *should* have known" of the defendant's negligence. The direction of a verdict as against a bad plea of contributory negligence should never be reversed, since a motion for directed verdict tests the pleadings as well as the evidence, and requires the court to give judgment thereon for him who is entitled to have it.

On the other hand, if in fact plaintiff actually personally knew of, or perceived, the danger that was in her path by reason of defendant's negligence, then it was her own sole negligence that was the proximate cause of the injury, and not a mere contributory cause of it. This is so, because one who actually knows of danger occasioned to him by another's negligence, has the "last clear chance" of avoiding it, and when he does not do so, his own negligence in failing to avoid the perils of his adversary, is regarded in law not as "contributory" negligence merely, but as negligence that is the sole proximate cause of his own injury.

Where the only issue made, or that can be made or tried in a litigated case, is whether the defendant's admitted neg-

ligence was, or was not, actually so apparent or known to the plaintiff that he should have avoided it, the question to be tried is one solely of proximate cause under the plea of "not guilty" and a trial judge properly directs a jury to disregard as immaterial to the trial, a plea of "contributory" negligence that is designed to cover a situation already fully covered by a plea of not guilty.

Nor is the foregoing distinction one of nomenclature only in a case of this kind. It is fundamental in character. This is so, because whether the issue is *contributory* negligence, or whether it is one of sole proximate cause, goes to the burden of proof in the case as between the parties. It also goes to the correct appraisement by the jury of the legal duties and defaults in the performance thereof, of each of the litigants.

If this case should be reversed on the ground that plaintiff's rights should be tested on an issue of "contributory" negligence such as is raised by defendant's plea, then we must disregard what this Court has said in the Southern Express Co. v. Williamson case, cited, *supra,* and hold that the plaintiff was guilty of contributory negligence, notwithstanding defendant's admitted negligence in dangerously misplacing its bicycle rack that caused the injury, merely because she, the plaintiff, assumed that the defendant's store and its aisles provided for her to walk in it were safe, without first inspecting them and thereby looking out for danger from an obstruction in her path when she had no reason to apprehend any such danger, and was under no duty to look out for until some actual notice of its imminence was brought to her knowledge.

The court properly confined the jury's consideration to the plea of not guilty whereon the only fact to be determined was, "did plaintiff actually know of the danger cre-

ated by defendant's negligent placement of its bicycle rack, thereby making the proximate cause of her injury her own negligent failure to avoid its peril"?

ELLIS, P. J. (dissenting).—I concur with Mr. Justice BUFORD in the opinion prepared by him that the issue of fact upon the plea of contributory negligence should have been determined by the jury.

There was evidence, as disclosed by the record, in support of the plea. The action of the judge in withdrawing it from the jury was unauthorized by law and practically a denial of due legal process. The defense of contributory negligence was a lawful defense. There was ample evidence in its support and the question should have been determined by the jury as was the defendant's constitutional right, and not by the court.

The record discloses that the jury were in doubt about it, because they returned to the court room after deliberating nearly an hour and informed the court of some matter of evidence which perplexed them. While the record of this transaction is almost unintelligible, the judge evidently construed it as referring to the evidence in relation to the plea of contributory negligence, for he informed the jury that he had withdrawn from it "the issue of contributory negligence" and directed their attention exclusively to "all of the evidence in the case bearing on the question of the negligence that is alleged in the declaration." The evidence of the negligence averred in the plea was thus withdrawn. By what authority of law the majority opinion does not give any information.

The opinion states that the action is for damages resulting from an injury to a customer in the store whose clothing was caught "by a portion of a bicycle rack extending into or near the aisle," which caught the clothing of the plaintiff

"and caused the customer carrying purchases in her arms to fall upon the rack and receive serious injuries to her person." If the words in the foregoing statement "extending into or near the aisle" were eliminated, and they are not supported by the record, the statement would make a very good case of contributory negligence.

The evidence shows that the bicycle rack did not extend into the aisle, but on the contrary it formed the boundary or one side of the aisle, as the display counter formed the other side. The space between was the aisle, three and a half feet wide. The rack was in plain view as was the display counter. If the customer had fallen over the latter she would have just as good ground for an action, according to the majority opinion.

The plaintiff had an armful of bundles. They in some measure obscured her vision partially, that is, her range of vision. She by that reason did not see the bicycle rack, one end of which was not at that moment occupied by a bicycle. The lady's skirt caught in a part of the base of the rack, which must have been high enough from the floor to catch her skirt or dress and she was tripped or thrown off her balance by the pull on her skirt.

There was no danger to customers; nothing in the rack or counters to cause injury. No obscure or dangerous pitfall as existed in the case of Christopher Co. v. Russel, 63 Fla. 191, 58 South. Rep. 45, Ann. Ca. 1913 C 564, where an unguarded hole in the floor exposed customers to an unseen danger; or in the case of So. Express Co. v. Williamson, 66 Fla. 286, 63 South. Rep. 433, L. R. A 1916C 1208, where the defendant negligently placed a heavy bar of iron leaning against the patron's counter where one had to go to obtain a receipt and the bar fell on the plaintiff's foot; or in the case of A. C. L. R. R. Co. v. McCormick, 59 Fla. 121, 52

South. Rep. 712, where a passenger fell through a rotten floor in the station, or in Fla. Motor Transp. Co. v. Hillman, 87 Fla. 512, 101 South. Rep. 31, where a "bus" driver drove his bus upon a pedestrian upon the public highway. Those cases are not even weakly analogous to the case at bar. There is in fact no element in any of them which may be said in the slightest degree to resemble the situation existing in the defendant's store in the case at bar.

A statement of the salient facts in this case would more nearly establish contributory negligence upon the doctrine of *res ipse loquitor* than a most unreasonable construction of them would state a cause of action for the plaintiff.

I think the judgment should be reversed.

BUFORD, J. (dissenting).—In this case a writ of error brings for review judgment in favor of the defendant in error who was plaintiff in the court below for damages which were alleged to have been the result of an injury which plaintiff received when she fell over a bicycle rack in defendant's store.

I am unable to agree with the views expressed in the majority opinion.

The defendant filed pleas of contributory negligence, as follows:

"That the plaintiff's own negligence proximately contributed to the causing of the injury and damage complained of in this, to-wit: that plaintiff knew, or by the exercise of ordinary and reasonable care for her own safety, should have known, of the existence of the bicycle rack described in the declaration, and by the exercise of ordinary care and diligence could have avoided the accident complained of. That plaintiff's own negligence proximately contributed to the causing of the injury and damage complained of in this, to-wit: that it was the duty of plaintiff, while in the de-

fendant's store, to exercise ordinary and reasonable care and caution in the manner in which she was moving upon the defendant's property, and that notwithstanding such duty she negligently and carelessly failed to use such ordinary care and caution, and by reason of such failure and negligence the injury, if any, was produced."

After the introduction of evidence, the court charged the jury as follows:

"The court instructs the jury that the defendant has failed to offer proof on the pleas of contributory negligence to such an extent as to warrant the issue going to the jury, and that that issue is taken from you, so you will not consider the evidence in the case, or the pleas of contributory negligence. Now the court is not invading the province of the jury in doing that, but assuming that all is true as testified by the witnesses for the defendant, and every inference that may be reasonably drawn from it, still in law it is insufficient to meet the test of a defense of contributory negligence, but the case of negligence remains before you and you will have to determine that, and also if you do determine it, the question of damages, that is, if you determine it in favor of the plaintiff."

And also as follows:

"The Court withdrew from the jury the issue of contributory negligence. The defendant had pleaded, you may remember the pleas that were read to you at the beginning of the trial, and those were pleaded in bar to the action, but that issue has been taken away from you. Now you can consider all of the evidence in the case bearing on the question of the negligence that is alleged in the declaration, and, too, if you find that the defendant is negligent, that the plaintiff is entitled to recover, why then, of course, you would

consider all of the evidence in the case bearing upon the question of the amount of damages."

Without commenting on the probative force of the evidence, I think the court committed error in giving the instructions to the jury above set forth.

Whether or not under the evidence which had been submitted to the jury, the plaintiff was shown to be guilty of some contributory negligence which was partly responsible for the injury received, was, I think, a question for the jury to determine from a consideration of all that evidence and the facts that might be legitimately and reasonably adduced therefrom.

For the reasons stated, I think the judgment should be reversed and the cause remanded for a new trial.

ELLIS, P. J., concurs.

### On Petition for Rehearing.

### Division A.

PER CURIAM.—In the petition for rehearing it is stated, among other things, that the court overlooked the fact that there was no proof that the bicycle rack protruded into the aisle, and that therefore the plaintiff would have necessarily had to stray from the aisle in order to fall upon or against the bicycle rack, as alleged in the declaration. In regard to this contention we might say that there was some evidence tending to show that the flap of the empty bicycle rack did protrude into the aisle, and the jury evidently so concluded, as the court plainly charged the jury (p. 174 of transcript) that if they found from the evidence in the case "that the bicycle rack in question did not protrude into the aisle of the defendant's store, you cannot find for the plaintiff."

Rehearing denied.

WHITFIELD, C. J., and TERRELL, BROWN, BUFORD and DAVIS, J. J., concur.

ELLIS, P. J., dissents.