HENDRY, Judge.
Mary Buch, appellee, was plaintiff below, having filed her complaint seeking damages allegedly resulting from the negligence of the appellant. The jury rendered its verdict in favor of appellee, and final judgment was entered by the trial court, from which appellant now appeals.
The parties stood in the relationship of landlord and tenant, appellee having been the appellant’s tenant for four months before her injuries occurred. The apartment building in which the appellee lived encompasses a walkway which persons must necessarily use to gain entrance into the main premises. It was the position of the plaintiff below that said walkway had been maintained in a negligent manner in that the defendant had allowed the walkway to become partially covered by a fungus growth, and also had painted certain portions of the walkway with a type of paint unsuitable for that purpose. It was the further contention of the plaintiff that either or both of the above conditions caused the walkway to become slippery, and as a direct consequence thereof, she slipped and fell while using said walkway, receiving personal injuries.
The appellant’s first point on appeal contends that plaintiff below failed to shoulder her burden of proof in demonstrating that the appellant had been guilty of negligence which was the proximate cause of the personal injuries. Having examined the record on appeal, we must conclude that the plaintiff did go forth with evidence which sufficiently upheld her cause of action. The evidence presented herein was circumstantial in nature, *229 consisting chiefly of expert testimony as to the existence of a slippery condition on the walkway in question. Such circumstantial evidence is of course susceptible to inferences by the jury, and the evidence of plaintiff’s case-in-chief, when taken as a whole, provided the jury with a reasonable inference that the injuries occurred because of negligence in allowing the surface of the walkway to become slippery. Nelson v. Ziegler, Fla.1956, 89 So.2d 780; Conda v. Plain, Fla.1969, 222 So.2d 417. See esp. Berry v. Whitney, 1966, 125 Vt. 383, 217 A.2d 41; Feigenbaum v. Brink, 1965, 401 P.2d 642.
As to the remaining points on appeal, the appellant argues that, as a matter of law, appellee was guilty of contributory negligence and/or assumption of the risk. We find neither of these doctrines applicable to the case at bar.
In Mertz v. Krueger, Fla.1952, 58 So.2d 160, the court stated at page 162 as follows :
“There is no fixed rule of law governing the question of negligence in a case of this kind but every case must stand or fall on its own facts. * * * It is also the rule that one is not guilty of contributory negligence if he fails to look out for danger when there is no reason to apprehend danger. Sears, Roebuck & Co. v. Geiger, 123 Fla. 446, 167 So. 658.”
In the instant case, not only did the plaintiff herself testify as to having no knowledge or apprehension of the dangerous condition, but there was also evidence submitted by an expert witness that the condition, as it existed, would not have been obvious to a reasonable person traversing the walkway. See also Bartholf v. Baker, Fla.1954, 71 So.2d 480.
We also find similar reasoning supports our rejection as to the applicability of the assumption of the risk doctrine. Without actual knowledge and appreciation of the danger, the plaintiff herein could not be said to have assumed the risk inherent in her using the walkway which she had presumed to have been in a reasonably safe condition. E. g. Jones v. Crews, Fla.App.1967, 204 So.2d 24. See also Annot. 26 A.L.R.2d 468, 494.
Affirmed.