THOMAS J. WHARTON, APPELLANT, VS. DAVID M. HAMMOND, APPELLEE.

1. A promissory note, and mortgage to secure its payment, given by a client to his attorney to secure payment for professional services, will be sustained if the transaction is fair, honorable and proper.

2. Where there is simple conflict in the testimony, the findings of a referee will not be disturbed.

Appeal from the Circuit Court for Nassau county.

The case was tried before Mr. Wm. B. Young as referee.

The facts of the case are sufficiently stated in the opinion.

*Jno. T. & Geo. U. Walker* for Appellant.

*D. M. Hammond*, *in pro. per.*

MR. JUSTICE WESTCOTT delivered the opinion of the court.

Thomas J. Wharton, on the 28th of April, 1877, gave his promissory note to Hinton J. Baker, payable one year after date, for the sum of three hundred (300) dollars, executing at the same time a mortgage upon lots in Fernandina to secure its payment.

On the fourth of February, 1882, after the note was due and dishonored, Baker endorsed the note and transferred and assigned both the note and mortgage to David M. Hammond, the respondent here and plaintiff below. The bill in this case is to foreclose this mortgage and have payment of the debt. It is an ordinary bill to foreclose a mortgage.

The defendant, Wharton, answers the bill, admits the execution of the note and mortgage and the transfer and assignment as alleged, and that he has not paid " said note and discharged said mortgage." He, however, denies that the sum, principal and interest of the note, is due, and states the facts to be " that some time previous to the year 1877 H. J. Baker, the aforesaid mortgagee, undertook under a verbal agreement with me to prosecute for me in his capacity as an attorney at law my claim to certain lots of land

situate in the city of Fernandina, Florida, of which there were six in all, said lots being at the time held by various persons against me under claim derived from tax title, said verbal contract or agreement being as follows: For each lot recovered I agreed to pay H. J. Baker for his services as attorney aforesaid the sum of fifty dollars, and that for those cases in which I failed to recover he agreed that he would make no charge against me. H. J. Baker, my said attorney, under this agreement entered suits for the said lots for me, and recovery was had and trial for two of the said lots, the remaining cases being yet undisposed of, and he, Baker, proposing still to carry on the litigation for me, proposed that I should execute a mortgage of the said two lots already recovered to him to cover the contingent fees, as well as what was then due for the recovery of the two lots aforesaid. I consented to give a mortgage upon one of said lots to secure to said Baker a note which I then exe_ cuted for three hundred dollars, being the same note and mortgage set forth in complainant's said bill of complaint; and I further state the fact to be that there was a total failure to recover any other of said lots, * * * * * and so it is, I say, that if there be anything due to complainant it is only the sum which would be due to H. J. Baker, to whom I gave said note and mortgage, with a proper amount of interest thereon, that is to say, one hundred dollars and interest thereon from the date of the recovery of the two lots aforesaid at eight per cent. per annum, which I am willing to pay. But as to the said interest I state the fact to be that said Baker did as my agent collect rent upon said lots from the tenants thereon to an amount sufficient to pay all such interest, and I respectfully submit to this honorable court and claim the said amount as a payment of said interest and in event said rents prove upon accounting to be more than said interest that the ex-

cess be visited upon said principal sum of one hundred dollars."

To this answer there was a general replication. There was an order of reference; the case was tried by W. B. Young, referee, who found for the plaintiff, giving him credit for the amount of rents collected.

The referee, in his finding, states: " The evidence on the part of the complainant is the note and mortgage, and the testimony of H. J. Baker, taken before the referee. The evidence on the part of the defendant is the deposition of Wharton. Counsel for the defendant attacks the note and mortgage because it is a security taken by the payee while the relation of attorney and client existed. He claims that the presumption is that the transaction is unfair, and that the onus of proving its fairness is on the complainant."

No such defence as is urged here, that is, that the note and mortgage are void, as being taken by an attorney from his client, is made in the answer. If it was, the testimony discloses and shows that the whole transaction was fair, honorable and proper. As to the amount due, there is simply conflict in the testimony, and we see no reason to disagree with the conclusions of the referee in this regard.

The judgment is affirmed.