Sadie E. Key, *Plaintiff in Error,* v. Lillian Moore, *Defendant in Error.*

Opinion Filed July 30, 1919.

1. Where a written instrument is set out in the declaration in *haec verba* and a plea filed which adds conditions and stipulations which are not included in said writing and from the plea it is apparent that it is the foundation for the introduction of parol evidence to vary or contradict such instrument such plea is demurrable.

2. In determining the correctness of a charge the whole charge as given should be considered and if the whole charge given when taken together states the law correctly then there is no error although portions of the charges considered separately might be erroneous.

3. Where the evidence in a case is conflicting and has been passed upon by a jury and the judge presiding at the trial has refused a new trial the appellate court will not reverse if there is evidence which if believed by the jury would sustain the verdict upon the ground that the verdict is contrary to or not supported by the evidence.

A Writ of Error to the Circuit Court for Pinellas County; O. K. Reaves, Judge.

Judgment affirmed.

*Freeman P. Lane* and *Charles J. Maurer,* for Plaintiff in Error;

*Herman Merrell,* for Defendant in Error.

### STATEMENT.

This is a suit instituted by the defendant in error here, plaintiff in the Circuit Court, against the plaintiff in error here, defendant in the Circuit Court. The declaration alleges the plaintiff and defendant contracted for the purchase of certain lots in the City of St. Petersburg, the bond for title made to them jointly, a copy of same attached to and made part of the declaration; that the first payment under the contract was made through the defendant, Sadie E. Key, and the plaintiff paid to the defendant $1092.50, which was her share of the first payment, including $62.50 for paving assessment against the property; that afterwards the plaintiff, Lillian Moore, offered to sell her interest in the property to the defendant, and defendant accepted such offer in writing and agreed to repay the plaintiff the money paid by plaintiff

on purchase of said lots and for expenses connected there-with, with interest, providing said defendant did not sell any or all of it before July 1st, 1915, a copy of which agreement is attached to and made a part of the declaration, and is in words and figures as follows: "this is to certify that I am to pay Mrs. Moore 8 per cent. and her money back on Lots 10, 11, 12, 13 and 14, in Blk 94. Mrs. Moore to give me an itemized account of what she has received and what she has paid out on property since we have owned it together, providing that I do not sell any or all of it before July 1, 1915. Sadie E. Key. The property is owned jointly between Sadie E. Key & Lillian Moore, the contract is recorded in Clearwater, Florida, July 24, 1914." That the plaintiff accepted the proposition and relied thereon and surrendered all control of the property to the defendant, who took entire control and management of the same; that defendant did not sell said property or any part thereof prior to July 1st, 1915; that the plaintiff paid on said property $1117.00 and received as rent $135.00, and brings this suit for $982.00, the difference between the amount paid out and the amount received.

The defendant filed what is termed a special plea, in which it was set out that they bought the lots as partners and under the agreement the property was to be held for speculation, as partners and the profits or losses were to be equally borne or shared by them and that there had been no settlement between the parties and no suit at law could be brought until such settlement. To this plea the plaintiff demurred and same was sustained.

The defendant filed pleas admitting the execution of the contract of sale to the plaintiff and defendant and the execution of the writings of defendant heretofore set

out and referred to, and also a plea upon which plaintiff joined issue in words and figures following: "For a further plea and defense to this action, this defendant alleges that the offer contained in said 'Exhibit B' as aforesaid, was made by this defendant to the said plaintiff, without any consideration whatever therefor, and that the same was never accepted by said plaintiff, and that after said defendant made and submitted said offer to said plaintiff, the said plaintiff still retained possession of the property therein described, and thereafter repeatedly made and entered into negotiations to sell the same to persons other than this defendant, and that said plaintiff collected and received rentals derived from said property, practically from month to month, from August 1st, 1914, up to and including April 13th, 1915, and that the offer contained in said Exhibit B was never acted upon, or attempted to be accepted until the commencement of this action, which defendant avers was not within a reasonable time thereafter such offer was made by defendant. Wherefore defendant asks that said plaintiff take nothing by this action and that she be permitted to go hence without day."

There was judgment for plaintiff, and defendant took writ of error.

WILLS, Circuit Judge, (*after stating the facts.*)—The rule in pleading is that a plea must be responsive to the declaration and must either traverse or confess and avoid the allegations of the declaration.

The firt assignment of error is that the court erred in sustaining plaintiff's demurrer to the special plea. This plea attempts to set up an entirely different contract from that alleged in the declaration and attached as exhibits

to the declaration and in order to prove the same it would be necessary to introduce parol evidence that would vary the terms of the written instrument.

"When an instrument in writing sued on is set out in the declaration, in *haec verba*, a plea which adds conditions and stipulations thereto which are not included in said writing, and from which plea it is apparent that it is the foundation for the introduction of illegal evidence, is demurrable."

There was no error in sustaining the demurrer.

The second assignment is the refusal of the judge to give a peremptory instruction for the defendant.

"In view of the fact that there was evidence tending to support the issues presented by the plaintiff, the defendant was not entitled to an affirmative instruction." Florala Saw Mill Co. v. Simth, 55 Fla. 447, 46 South. Rep. 332.

The plaintiff in error also assigns as error that portion of the charge, to-wit: "If you believe from the evidence, from the weight of evidence, that this paper is a contract, a consummated contract, or the conclusion of a contract, for the sale and purchase of Mrs. Moore's interest in the property, then of course the defendant is liable and your verdict should be for the plaintiff." The argument is that this charge submitted a question of law to the jury that should have been decided by the judge. This would be unquestionably a sound contention and the charge standing alone would have been erroneous; but "in determining the correctness of a particular charge all the charges given should be considered and construed together." Jacksonville Electric Co. v. Sloan, 52 Fla. 257, 42 South. Rep. 516.

The contention on the part of the defendant was that the agreement to pay as set out in the exhibit to the declaration was only an offer, and not accepted by the plain-

tiff, but the plaintiff claimed it was a completed agreement and it was to cover these contentions the charge was intended to apply, and when we consider this and take the charge in toto, which was as follows: "If you believe from the evidence, from the weight of the evidence that this paper is a contract, a consummated contract, or the conclusion of a contract for the purchase of Mrs. Moore's interest in that property, then of course the defendant is liable and your verdict should be for the plaintiff. On the other hand, if you find from the evidence that this Exhibit B is not a consummation or conclusion of a contract, but was intended for an offer that was not accepted by the plaintiff in this case as the plea alleges, then the defendant is not liable and your verdict should be for the defendant." We see no error in the charge when taken as a whole.

Another assignment of error is the overruling of the motion for new trial. While the evidence was in direct conflict, where it has been passed upon by a jury and the judge who tried the case refuses a new trial, an appellate court will not reverse such finding where there is evidence which if believed by the jury would support the verdict.

We see no merit in the other contentions of plaintiff in error.

The judgment should be affirmed.

PER CURIAM.—The record in this cause having been considered by this court, and the foregoing opinion prepared under Chapter 7837, Acts of 1919, adopted by the court as its opinion, it is considered, ordered and adjudged by

the court that the judgment herein be and the same is hereby affirmed.

BROWNE, C. J., AND TAYLOR, WHITFIELD, ELLIS AND WEST, J. J., concur.