L. G. CROSBY, *Plaintiff in Error*, v. W. T. DONALDSON, *Defendant in Error*.

Division A.

Opinion Filed February 24, 1928.

*Philip D. Beall* and *John M. Coe,* for Plaintiff in Error;

*William Fisher,* for Defendant in Error.

ELLIS, C. J.—W. T. Donaldson obtained a judgment for damages against L. G. Crosby in the sum of one thousand dollars in an action for personal injuries. It is alleged in the declaration that Donaldscn was riding a motorcyle on Palafox street, in the City of Pensacola, when Crosby negligently propelled his automobile against the plaintiff's motorcycle, throwing the plaintiff to the pavement, from which fall he sustained the injuries of which he complained.

The pleas were not guilty and contributory negligence.

The facts were briefly as follows: The accident occurred about twelve o'clock at night. The plaintiff was a policeman and had been sent by his superior officer to go to a place on Coyle street. On his way to the place he came to Zarragossa street and turned north on Palafox; his motorcycle was making considerable noise. The defendant's auto-

mobile, "headed north," was parked near the curbing on the east side of Palafox street near Childs' Restaurant, north of Government street, which is the street next north of Zarragossa. There are double street car tracks in the center of Palafox street. Between the curbing on the east side of the street and the east rail of the nearest car track the distance is 17.95 feet. The car tracks, measuring from the farthest east rail to the farthest west rail, take up about 14.42 feet of the center of the street. As the plaintiff crossed Government street going north on Palafox the defendant moved his car northward in the line of the approaching motorcycle. The plaintiff sought to avoid the defendant's automobile and turned leftward, getting on the street car track nearest to him at a point near the center of the track. The left front wheel of the automobile struck the motocycle at the rear step which caused the plaintiff to be thrown to the pavement.

The evidence is somewhat conflicting as to which vehicle struck the other, or whether the motorcycle was struck by the automobile at all, but the jury settled that point and the verdict cannot be said to be erroneous for that reason. See Tallahassee Railroad Company v. Macon, 8 Fla. 299; Clark v. Pope, 29 Fla. 238, 10 South. Rep. 586; Alexander v. Rhine, 78 Fla. 313, 82 South. Rep. 831.

The preponderance of the evidence not being against such finding, and it not appearing that the jury must have been improperly influenced to render it, the verdict may not be considered erroneous merely because the evidence is conflicting. McLeod v. Citizens' Bank of Live Oak, 61 Fla. 350, 56 South. Rep. 190; Wharton v. Hammond, 20 Fla. 934; Key v. Moore, 78 Fla. 205, 82 South. Rep. 810.

The defendant gave no warning of the movement of his automobile. The approaching motorcycle was making a noise by its exhaust, and the plaintiff turned out of his

line of travel to avoid the automobile ahead. When the plaintiff turned aside and rode across the east rail of the street car track he turned his machine again in the center of the track parallel with the rail. At this point his machine was struck by the front wheel of the automobile, according to the plaintiff's testimony.

There was no error in refusing to grant the defendant's motion for a directed verdict because the negligence of the defendant in operating his automobile was sufficiently shown by the facts at the close of the plaintiff's case.

The defendant then produced his witnesses. One of them said the defendant had "plenty of room to go up the street. He did not have to go to the car track." Crosby was not driving "over two or three miles an hour," said the witness. The defendant said that he had not reached the street car rail when he heard the motorcycle pass him. The wheel of the motorcycle, he said, was skidding on the west side of the car track. From his statement of the fact it appears that his automobile did not strike the motorcycle; however, the jury decided that matter in favor of the plaintiff. At the close of defendant's testimony he again moved for a directed verdict. The motion was denied.

There was no error in either ruling. See Atlantic Coast Line R. R. Co. v. Roe, 91 Fla. 762, 109 South. Rep. 205; George E. Wood Lumber Co. v. Gipson, 63 Fla. 316, 58 South. Rep. 364.

On the question of contributory negligence we are unable to say that the jury erred in its finding. The burden of proof was upon the defendant who pleaded that defense. See German-American Lumber Co. v. Brock, 55 Fla. 577, 46 South. Rep. 740; Farnsworth v. Tampa Electric Co., 62 Fla. 166, 57 South. Rep. 233.

The defendant contends that the plaintiff was driving his motorcycle ten or fifteen miles faster than the "speed

limit'' prescribed by the city ordinance. But the arbitrary determination by a city council of a rate of speed at which vehicles may travel on the street cannot of itself form the standard by which a moving vehicle may be said to be negligently or not negligently driven; time and circumstances are important factors.

On the occasion when the accident occurred, which is the subject of litigation in this case, the street was practically free of vehicles. The plaintiff had an open street. He was an officer on a mission of peace. There was no reason to apprehend danger, but he was mindful of its possible appearance at any time and sought to avoid the defendant when the latter moved his automobile in the plaintiff's line of travel. The jury evidently thought he would have passed in safety if the defendant had not unnecessarily and carelessly driven his car on and beyond the east rail of the street car. It is not contributory negligence to fail to look out for danger when there is no reason to apprehend any. See Christopher Co. v. Russell, 63 Fla. 191, 58 South. Rep. 45, Ann. Cas. 1913C 564n.

There was no error in refusing instructions numbered one and two, which were for a directed verdict for the defendant.

The charges requested, relating to the ''speed limit'' prescribed by the city ordinance, sought to make the determination of contributory negligence *vel non* depend upon the fact of the plaintiff driving his motorcycle at a speed exceeding twelve miles per hour. The charges were not correct in principle. The court's general charge correctly stated the law of the case.

We have discovered no error in the trial of the cause, so the judgment is affirmed.

STRUM AND BROWN, J. J., concur.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur in the opinion and judgment.