VIOLA C. STILES *vs.* MARGARET WRIGHT
(and three companion cases[1]).

Suffolk.   December 2, 1940. — February 24, 1941.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & RONAN, JJ.

*Negligence*, Motor vehicle, In use of way, Contributory.

A finding of contributory negligence of the operator of an automobile and of passengers therein, injured in a collision of automobiles at an intersection of public ways in Florida, was not required on evidence, including a finding by an auditor, whose findings were not final, with consistent subsidiary findings, that the operator was in the exercise of due care.

FOUR ACTIONS OF TORT.   Writs in the Municipal Court of the City of Boston dated June 20 and November 30, 1938.

On removal to the Superior Court, after the filing of an auditor's report, the cases were tried before *Sheehan*, J. There was a verdict for the plaintiff Viola C. Stiles in the sum of $3,560; for the plaintiff Wayne E. Stiles in the sum of $150; for the administrators of the estate of John D. Stiles for his conscious suffering in the sum of $7,300, for damage to his automobile in the sum of $423, and for his death in the sum of $1.

*B. H. Stoodley*, (*R. E. Kempton* with him,) for the defendant.

*J. N. Esdaile*, for the plaintiffs.

DOLAN, J.   These four actions of tort arise out of a collision of automobiles at a street intersection.   The first and third actions are brought to recover compensation for personal injuries sustained by the respective plaintiffs as a result of the collision.   The second action is brought to recover for property damage to the automobile of the plaintiff administrators' intestate, John D. Stiles, and for con-

---

[1] The companion cases are brought against the same defendant, the second and fourth by Wayne E. Stiles and another, administrators, and the third by Wayne E. Stiles.

scious suffering of the intestate resulting from the collision. The fourth action is brought to recover for the death of the intestate. The cases were referred to an auditor, who found for the plaintiff in the first three cases and for the defendant in the fourth case. They were then tried to a jury upon the auditor's report and further evidence. The jury returned verdicts for the plaintiffs in all the cases, the verdict returned in the action for death being in the sum of $1. The defendant's exceptions to the denial of her motion for a directed verdict in each case and to the denial of certain requests for instructions bring the cases before us.

Material findings of the auditor follow. The accident occurred at about 4:30 P.M. on February 15, 1938, at the intersection of Bridge Street, a State highway known as route 17, and McKeen Street, in the township of Auburndale, Florida. The weather was clear, the roads were dry, and visibility was good. Bridge Street runs east toward Winter Haven and west toward Haines City. McKeen Street runs north and south and intersects Bridge Street. McKeen Street is about eighteen feet wide. Bridge Street is somewhat wider. Both are tar roads.

The plaintiff Wayne E. Stiles was operating an automobile owned by his father, John D. Stiles. The latter and the plaintiff Viola C. Stiles were riding in the vehicle as passengers. This automobile came east on Bridge Street, and approaching McKeen Street was being operated to the right of the road at a speed of between twenty-five and thirty miles an hour. When one hundred feet back of the intersection, the operator Stiles could see north up McKeen Street for about one hundred or more feet. McKeen Street was a "stop street, so called" and "a person confronted with a stop sign should legally stop his automobile before proceeding into Bridge Street from McKeen Street." There was, however, no sign at this intersection, but there were orange strips at the entrance of McKeen Street into Bridge Street. The operator Stiles was familiar with the fact that McKeen Street was a "stop street, so called." He saw the automobile operated by the defendant shortly before the accident. His automobile was twenty-five or thirty feet

from the intersection, when the defendant's vehicle was about fifty feet from the intersection. It was proceeding to the south at a speed of about forty miles an hour, and the automobile operated by Stiles was being operated at a rate of speed of about twenty-five miles an hour. At this time the operator Stiles "formed an opinion that the . . . [defendant's vehicle] would stop." He shifted his gaze to two automobiles that were coming on Bridge Street from the opposite direction and entered the intersection. The defendant's automobile entered the intersection at a rate of speed exceeding forty miles an hour and collided with that operated by Stiles at about the driver's seat. The defendant in the presence of several witnesses stated that she had not seen the Stiles automobile and that "it was wholly her fault" that the accident had happened. The plaintiffs Wayne and Viola and the intestate, John D. Stiles, suffered personal injuries. The intestate died subsequently as a result of the injuries suffered by him. The Stiles automobile was damaged as a result of the collision.

Sections 1294 and 1296 of Compiled General Laws of Florida (1927) were before the auditor. They read as follows: "Section 1294. Every person operating or driving a motor vehicle on the public highways of this State shall also, when approaching . . . a cross road outside the limits of a city or incorporated village or any intersecting highway, or street or curve or corner in a highway or street when the operator's view is obstructed, slow down the speed of the same and shall sound his horn or other device for signaling, in such manner as to give notice and warning of his approach." "Section 1296. No person shall operate a motor vehicle on the public highways of this State recklessly, or at a rate of speed greater than reasonable and proper, having regard to the width, traffic and use of the highways so as to endanger the property or life or limb of any person. . . . If, except within the limits of an incorporated city, the rate of speed of motor vehicles operated on the public highways of this State, where the operator's view of the road and traffic is obstructed, when approaching a crossing intersecting public highway . . . exceeds fifteen miles an hour

such rate of speed shall be prima facie evidence that the person operating such motor vehicle is operating the same at the rate of speed greater than is reasonable and proper and in violation of the provisions of this Chapter."

The auditor also found that the operator of the Stiles automobile could reasonably anticipate that no automobile would enter Bridge Street from McKeen Street without "first stopping, and that said automobile would slow down before entering the intersection"; that the *prima facie* case of excessive speed as set forth in said § 1296 was overcome by the evidence before him; and that the operator of the Stiles vehicle was in the exercise of due care when the accident occurred.

Other evidence presented at the trial would warrant the jury in finding that just before coming to the intersection the Stiles vehicle was slowed down to fifteen miles an hour in conformity to § 1296; that a view of McKeen Street to the north, from which direction the defendant's automobile was coming, could be had for two hundred yards when the Stiles automobile was two hundred feet from the intersection; and that fifty feet from the intersection a person could see "clear down" McKeen Street to the north; that the plaintiff Viola first saw the defendant's vehicle when the Stiles automobile was about fifteen feet from the intersection; and that at that time the defendant's automobile was about forty-five feet from the intersection and "was going about forty to forty-five miles an hour." No contention has been made by counsel for the defendant that the evidence would not warrant a finding of negligence on her part.

The defendant's motions for directed verdicts were made at the close of the plaintiffs' cases. They were denied, and a memorandum of the law of Florida "having application to these cases" was submitted to the judge by the defendant before arguments. The defendant's motions in the cases of Viola and Wayne Stiles were based on the ground that, as a matter of law, each was contributorily negligent at the time of the accident. In the actions brought by the representatives of John D. Stiles, the motions were based

on the grounds that, as matter of law, the operator of the Stiles vehicle was guilty of negligence at the time of the accident and that, as matter of law, any negligence on the part of the operator of the vehicle would bar recovery by the representatives of the intestate. In the action for death the further ground was asserted that there was no evidence warranting a finding of any damages.

The cases having been brought here are governed by the law of the forum as to matters of procedure; the burden of proving contributory negligence is on the defendant and verdicts could not properly be directed for the defendant unless the evidence as matter of law required a finding of such negligence. *Smith* v. *Brown,* 302 Mass. 432, 433. The law of Florida is also to the same effect, namely, that the burden of proving contributory negligence is on the defendant who pleads that defence. *Crosby* v. *Donaldson,* 95 Fla. 365, 368, and cases cited. But "the question whether the facts bearing on the . . . [plaintiffs'] conduct required to be found on the evidence show as matter of law that . . . [they were] guilty of contributory negligence is a question of substantive law to be determined by the law of . . . [Florida] — the place where the collision occurred." *Smith* v. *Brown,* 302 Mass. 432, 433.

Under the law of Florida "violation of traffic law is *prima facie* evidence of negligence, but that *prima facie* evidence may be overcome by proof of surrounding circumstances and conditions which will eliminate the character of negligence from the transaction. Therefore, when it is shown that the traffic law has been violated it is for the jury to determine from all the facts and circumstances whether or not the *prima facie* evidence of negligence is overcome by other evidence of existing facts and circumstances." *Allen* v. *Hooper,* 126 Fla. 458, 463. It is not negligence *per se* but a mere circumstance to be considered on the question of negligence. *Clair* v. *Meriwether,* 127 Fla. 841, 845. It "is admissible to show negligence as well as bearing upon the contributory negligence of the plaintiff." *Pillet* v. *Ershick,* 99 Fla. 483, 488. *Crosby* v. *Donaldson,* 95 Fla. 365, 368. Section 1318, Compiled General Laws of Florida

(1927), a statute quite similar in its provisions to those contained in our G. L. (Ter. Ed.) c. 90, § 17, regulates the operation of motor vehicles on the public highways of Florida, and makes driving in excess of the speed designated *prima facie* evidence of negligent driving. In *Independent Ice & Cold Storage Co. Inc.* v. *Tampa Sand & Material Co. Inc.* 126 Fla. 846, 848, it is said, in substance, that whether or not the law was being violated at the time of the accident, in view of the location, amount of traffic, condition of the road and the use to which it was being subjected, was a question for the jury to determine in the light of the evidence submitted.

The effect of the auditor's findings of fact in the present cases being matter of procedure is governed by the law of the forum. Its force and effect (where the findings are not agreed to be final) are fully discussed in *Cook* v. *Farm Service Stores, Inc.* 301 Mass. 564. It is unnecessary to repeat in detail what is said there. In the present cases none of the subsidiary or specific findings of the auditor are so inconsistent with the general or ultimate findings that they cannot stand together. Each of the findings of the auditor, subsidiary and ultimate, remained evidence throughout the trial to be considered by the jury together with the other evidence introduced at the trial. He found specifically that the operator of the Stiles automobile was in the exercise of due care at the time of the accident. His general findings for the plaintiffs Viola and Wayne and for the representatives of John D. Stiles in their action for his conscious suffering import findings that they were not guilty of contributory negligence, that the defendant was negligent, and that her negligence was the proximate cause of the collision. In these circumstances the judge could not properly have directed verdicts for the defendant. The auditor's report presented a case for the jury. Moreover, the evidence outside of the report would warrant the jury in finding that the operator of the Stiles automobile slowed down to a speed of fifteen miles an hour when approaching the intersection, and hence did not violate the governing statute. See *Sooserian* v. *Clark*, 287 Mass. 65, 67; *Murphy* v. *Smith*,

307 Mass. 64, 66. There was no error in the denial of the defendant's motions for directed verdicts. Since the jury could find on all the evidence that the operator of the Stiles vehicle was not guilty of contributory negligence, it is unnecessary to consider questions of imputed negligence raised by the defendant in connection with the actions brought by the representatives of John D. Stiles.

The evidence did not require findings by the jury that either Viola or John D. Stiles was guilty of contributory negligence. In the action of the plaintiff Viola the jury could find that she was aware that the automobile in which she was seated was proceeding at some fifteen miles an hour at the intersection, that she was watching the road and first saw the defendant's vehicle when it was about forty-five feet from the intersection while that in which she was riding was entering the intersection. It is not contributory negligence to fail to look for danger when there is no reason to apprehend any. *J. G. Christopher Co.* v. *Russell*, 63 Fla. 191, 197. *Crosby* v. *Donaldson*, 95 Fla. 365, 369. See *Porter* v. *Smith*, 121 Fla. 511; *Toll* v. *Waters*, 138 Fla. 349. And one is entitled to rely to some extent on the assumption that other users of the road will use due care. *Dania Lumber & Supply Co.* v. *Senter*, 113 Fla. 332, 334. *Pendarvis* v. *Pfeifer*, 132 Fla. 724, 731. There is nothing in the findings of the auditor or in the evidence outside the report to require a finding that the intestate, John D. Stiles, was not in the exercise of due care at the time of the accident.

The requested instructions to the denial of which the defendant excepted were as follows: "3. If there was no stop sign at the intersection of Bridge Street and McKeen Street at the time of the accident, then the defendant was under no obligation to bring her car to a stop before entering the intersection. 4. If there was no stop sign . . . plaintiff was not entitled to rely upon the expectation that the defendant would bring her car to a stop on McKeen Street before entering the intersection." There was no error in the denial of these requests. Whether there was a stop sign or other warning device at the intersection, "the duty rested on each driver to use such care and precaution as the exi-

gencies required . . . ." *Jones* v. *Stoddard*, 138 Fla. 458, 461. Compiled General Laws of Florida (1927) § 1318. The judge could not properly have ruled as matter of law that on all the evidence there was no duty on the part of the defendant to stop her vehicle before entering the intersection, or that the plaintiffs could not rely to some extent on the assumption that she would. *Dania Lumber & Supply Co.* v. *Senter*, 113 Fla. 332, 334. *Pendarvis* v. *Pfeifer*, 132 Fla. 724, 731. He properly left to the jury to determine what the ordinarily prudent person should do in approaching "the situation that . . . [they had] heard described in the evidence," instructing them further that they had to take that into consideration in weighing all of the evidence bearing upon the conduct of the defendant and of the operator of the Stiles automobile. He was not obliged to point out and emphasize a single piece of evidence bearing on the issue of contributory negligence. *Noyes* v. *Whiting*, 289 Mass. 270, 272. His charge with respect to the subject matter of the requests was adequate. See *O'Connor* v. *Benson Coal Co.* 301 Mass. 145, 150; *Squires* v. *Fraska*, 301 Mass. 474, 476, and cases cited.

*Exceptions overruled.*