WILLIAM H. CHAMPLIN *vs.* KARL F. JACKSON.

Suffolk.     March 2, 1943. — March 31, 1943.

Present: FIELD, C.J., LUMMUS, QUA, COX, & RONAN, JJ.

*Accord and Satisfaction. Evidence*, Presumptions and burden of proof. *Payment. Practice, Civil*, Requests, rulings, and instructions.

The burden of proof of a defence of accord and satisfaction to an action upon an account annexed is upon the defendant.

In an action upon an account annexed, where the amount due was in dispute, evidence of acceptance and cashing by the plaintiff of a check of the defendant sent with a letter stating that the check was for the "sum due" did not warrant a finding of an accord and satisfaction if it appeared that the amount of the check was not even as large as the amount that the defendant conceded at the trial to be due.

In an action upon an account annexed, a request by the plaintiff for a ruling, that "plaintiff's acceptance of defendant's check did not constitute an accord and satisfaction," in the circumstances sufficiently presented to the trial judge the question of law whether on the material evidence such a finding was warranted, and was not open to the objection that it merely related to the legal effect of a fragment of the evidence on the issue of accord and satisfaction.

CONTRACT.     Writ in the Municipal Court of the City of Boston dated April 15, 1942.

The case was heard by *Tomasello*, J.

An account annexed to the declaration set out a claim for lumber at $52 per thousand feet board measure or $39 per

thousand feet surface measure, which was greater than board measure, the resultant price being the same. The defendant contended that the price should be $39 per thousand feet board measure, and set up an accord and satisfaction. The plaintiff did not move for a finding upon that issue but filed six requests for rulings, all of which the judge denied in the circumstances stated in the opinion. There was a finding for the defendant and a report of the case. The Appellate Division ordered the report dismissed. The plaintiff appealed.

*H. W. Keyes*, for the plaintiff.

*K. C. Tiffin*, for the defendant.

Cox, J. This is an appeal from the order of the Appellate Division of the Municipal Court of the City of Boston dismissing the report of the trial judge, who denied the requests of the plaintiff for rulings and found for the defendant. The plaintiff's action is on an account annexed for lumber sold to the defendant, all of which was used by him. It was agreed that the amount of lumber, as figured "Board Measure" in the declaration, was delivered. The parties were in dispute as to whether the defendant should be charged for the lumber at "board" or "surface" measure, the defendant contending that he should be charged at the rate of $39 per thousand feet "board measure."

There was evidence that an attempt was made to settle the dispute, but that the plaintiff's representative, who was authorized to settle, was unable to agree with the defendant as to the correct amount, and that the defendant stated that he was going to send a check to the plaintiff in payment of the amount that "he considered was due." He sent a check on the following day, together with a letter in which he stated, among other things, that he had totalled the deliveries of March and that, "Applying a price of $39.00 per thousand gives $6867.98; and after . . . [deductions of proper allowances], the resulting sum due is $6741.19. Check herewith." The defendant, however, computed the "board measure" of the lumber delivered in March at a figure that was less than the amount actually delivered, and failed entirely to take into account a deliv-

ery in April, the charge for which, according to the defendant's own contention as to the proper price, would amount to several hundred dollars. He testified that although he thought when he sent the check that he had figured the amount correctly on a "board measure" basis less discount, he knew when he testified that the amount was not right on any basis. The plaintiff received the check two days after it was sent, deposited it to his account, and two days thereafter, without further notice to the defendant, began this action.

The six requests for rulings of the plaintiff were denied. The sixth was, "Plaintiff's acceptance of Defendant's check did not constitute an accord and satisfaction," and in connection with its denial the judge stated that he found that, on the facts, there was an accord and satisfaction.

The defendant pleaded that the check that he sent to the plaintiff was in full accord and satisfaction of all sums due the plaintiff and was so accepted. The burden was upon him to make out this defence. *Worcester Color Co.* v. *Henry Wood's Sons Co.* 209 Mass. 105, 110. *Sherman* v. *Sidman,* 300 Mass. 102, 105. It is the general rule that the question whether there is an accord and satisfaction is one of fact. *Marden-Wild Corp.* v. *Damon,* 271 Mass. 401, 403, and cases cited. See *McFaden* v. *Nordblom,* 307 Mass. 574, 576, 577. But it was open to the plaintiff at the trial to raise, in the proper manner, the question whether the evidence warranted the finding of an accord and satisfaction. The report contains all the evidence material to the questions reported. There was no evidence to warrant a finding that the parties ever agreed to an accord. See *McFaden* v. *Nordblom,* 307 Mass. 574, 576. The parties never reached an agreement as to the amount due from the defendant, or as to any sum that the defendant was to pay in settlement of his account. The only evidence upon which the judge could have based his finding of an accord and satisfaction was that the defendant sent the letter and check, which were received by the plaintiff, and that the latter deposited the check. We are of opinion that the evidence did not warrant the finding. It is true that the parties were in

dispute as to the amount due from the defendant, but he never disputed that he did owe something. The check that he sent was not in the amount that he must be held to have conceded was due. Not only did he make a mistake to the disadvantage of the plaintiff as to the number of feet of lumber that he received and used, but he also failed to take any account of the substantial amount that admittedly was delivered in April. The last delivery of lumber was on April 2, and, in the early part of April, the defendant received a bill for the "sums due" the plaintiff. It was not until about the ninth or tenth of April that the defendant first checked the amounts for which he was being billed and advised the plaintiff that they had been improperly figured and that he would "like to straighten the matter up so he could pay the Plaintiff what he owed him," and it was thereafter that the parties met to discuss the matter. When they were unable to agree on the correct amount due, the defendant said that he was going to send the check in payment of the amount that he considered was due. The conclusion follows that, when he sent the check, it was his intention to pay the plaintiff so much of the account as he did not dispute. This result brings the case, in this respect, within the rule stated in *Whittaker Chain Tread Co.* v. *Standard Auto Supply Co.* 216 Mass. 204, 208, 209, *Shumaker* v. *Lucerne-in-Maine Community Association*, 275 Mass. 201, 205, and cases cited, *Russell* v. *Bond & Goodwin Inc.* 276 Mass. 458, 462, and *Dedham Lumber Co.* v. *Hartung*, 278 Mass. 488, 490, 491. See *Rosenblatt* v. *Holstein Rubber Co.* 281 Mass. 297, 300–302; 112 Am. L. R. 1219–1236.

We are of opinion that it was error to deny the plaintiff's sixth request. In *Sherman* v. *Sidman*, 300 Mass. 102, 105, the plaintiffs' sixth request for a ruling was that "The defendant has not sustained the burden of proving an accord and satisfaction as a defence to this action." But it was said that the denial of this request, "considered in connection with the general finding for the defendant," presented the question whether the evidence warranted a finding that this defence was established. It was held that

the denial of this request was error, since the evidence did not warrant a finding that this defence, which the defendant had the burden of proving, was established. (Page 105.) It is apparent that the sixth request in the case at bar is not as complete as was the request in the case to which reference has just been made. It sufficiently raised, however, the question whether the evidence warranted a finding of an accord and satisfaction. The trial judge dealt with it in the manner hereinbefore stated, and, in support of his action, cited the case of *Worcester Color Co.* v. *Henry Wood's Sons Co.* 209 Mass. 105, in which it appears that the requests of the defendant were, in substance, that the plaintiff's acceptance and collection of the check in question constituted an accord and satisfaction. (Page 110.) It was there held that the requests were rightly refused. There was a verdict for the plaintiff. The case at bar, however, upon the facts, is different. Where, as here, the question of accord and satisfaction must depend upon the effect of the acceptance of the check, we think that the sixth request, in its form, sufficiently presented the question whether the evidence warranted a finding of an accord and satisfaction, and that it was so understood and acted upon by the trial judge. It would be too narrow and technical a view to hold that this request did not sufficiently present that question. The attention of the judge was called to the substantive defence of accord and satisfaction, and he seems to have understood this. See *Black* v. *Buckingham*, 174 Mass. 102, 106–107; *Butler* v. *Butler*, 225 Mass. 22, 26–28; *Bergeron* v. *Forest*, 233 Mass. 392, 401, 402; *O'Neill* v. *McDonald*, 301 Mass. 256; *Bell* v. *Dorchester Theatre Co.* 308 Mass. 118, 123.

We are of opinion that the sixth request does not come within the so called "fragmentary evidence rule," but that, on the contrary, it involved a separate and distinct issue rather than a fragment of the subsidiary facts bearing upon the issue. *Barnes* v. *Berkshire Street Railway*, 281 Mass. 47, 51, 52, and cases cited. See *Houle* v. *Lewonis*, 245 Mass. 254; *Leonard* v. *Woodward*, 305 Mass. 332, 335, 338. Compare *Keyes* v. *Checker Taxi Co.* 275 Mass. 461, 468,

and cases cited; *Stiles* v. *Wright,* 308 Mass. 326, 332, 333.

It is unnecessary to deal with the other requests for rulings of the plaintiff that were denied. It is apparent from the record that the trial judge based his ultimate finding for the defendant upon his finding that there was an accord and satisfaction. He made no findings on other issues that were involved.

The order of the Appellate Division dismissing the report is reversed, the finding for the defendant is vacated, and the case is to stand for trial.

*So ordered.*