PER CURIAM.
This appeal is by the plaintiff below, Marion P. Hurst (since deceased) from an adverse judgment based on a directed verdict entered on defendant’s motion following presentation of evidence by plaintiff.
Established by Florida decisions so numerous as to preclude a need for their citation, are the rules that a trial court should not direct a verdict for defendant unless it is clear that there is no evidence whatever adduced that could in law support a verdict for plaintiff; and that an appellate court, on review of a judgment based on a directed verdict for defendant should consider the testimony adduced in the cause in the light most favorable to the plaintiff, disregarding conflicts in the evidence and indulging in the plaintiff’s favor every reasonable intendment deducible from the evidence.
Upon so viewing the record we observe evidence disclosing the following facts. The incident occurred at a principal street intersection in a municipality in Dade County. The plaintiff, who was unfamiliar with that area, after transacting certain business there was desirous of returning by bus to his home in another nearby municipality. As he was standing on the corner, a police car pulled up to the intersection and stopped in obedience to a red light. The police car was positioned five feet from the curb. Plaintiff stepped over to the police car, and, leaning partly into the right-hand front door window area, proceeded to inquire of the officer as to bus routes. When the light changed to green and the police car was about to move off, the plaintiff took a step backward. As he did so he was struck by a 14 year old boy riding a bicycle. The boy tried to avoid the collision, but struck the plaintiff with his shoulder. Plaintiff was knocked to the ground and thereby received his injuries.
Coming from the opposite direction to that in which the police car was headed, the boy had approached the other side of the intersection riding on the sidewalk. He had crossed the intersection while traffic was stopped, by riding his bicycle across at the side of the intersection, in the area marked for pedestrians, while a “walk” light permitted pedestrian crossing. Upon reaching the side of the intersection where the police car was stopped, the bicyclist continued, passing between the police car and the curb, on the left-hand side of the street as to him, and proceeding against the direction or flow of traffic there.[1]
The appellee argues that the plaintiff was guilty of contributory negligence as a matter of law when he stepped backward from the police car toward the curb without first looking to his right in order to guard against the possibility that some cycle type vehicle (there was not room between the police car and the curb for an automobile to pass) might be approaching from that direction (which would be on the wrong side of the street and against the direction permitted for traffic there.) The trial judge appears to have espoused that theory as a basis for granting a directed verdict for the defendant.[2]
*335 The appellant argues that the conclusion reached by the trial judge in that respect was incorrect, contending that failure of the plaintiff to look to his right, before taking a step backward to disengage himself from the police car which was about to pull away, did not constitute negligence as a matter of law, because under the circumstances there was no reasonable basis for the plaintiff to have expected any such danger to come from that direction. With that position taken by the appellant we are in agreement.
“It is not contributory negligence to fail to look out for danger when there is no reason to apprehend any. Berlin v. Southgate Corp., Fla.App.1962, 142 So.2d 362; Mertz v. Krueger, Fla. [1952], 58 So.2d 160; First Federal Savings & Loan Ass’n of Miami v. Wylie, Fla. [1950], 46 So.2d 396; Dempsey-Vanderbilt Hotel v. Huisman, 153 Fla. 800, 15 So.2d 903; Sears, Roebuck & Co. v. Geiger, 123 Fla. 446, 167 So. 658; Crosby v. Donaldson, 95 Fla. 365, 116 So. 231; Southern Express Co. v. Williamson, 66 Fla. 286, 63 So. 433, L.R.A. 1916C, 1208; J. G. Christopher Co. v. Russell, 63 Fla. 191, 58 So. 45. * * *” Foulk v. Perkins, Fla.App.1966, 181 So.2d 704.
In view of the principle of law just quoted, and that questions of negligence and contributory negligence generally are matters for jury determination, we are impelled to conclude that the evidence presented triable issues of negligence and contributory negligence, and that it was error to hold on such evidence that the plaintiff was contributorily negligent as a matter of law.
Accordingly, the judgment is reversed and the cause remanded for new trial.

. A Metropolitan Dade County Ordinance, applicable to the municipality, requires that bicyclists jproceed on the right-hand side of the street. It was revealed that in the area of the municipality in question the local police had allowed and encouraged the younger children to ride on the sidewalks. An officer testified that policy had been applied to children who attended a school in the area whose age range was 10 to 12 years, but had not been applied to older children; and that none had been authorized to disobey traffic laws when riding bicycles on the streets.

. In the course of explaining his ruling to the jurors, before discharging them, the trial judge said:
“It appears, even if we assume the boy did something wrong, we also come to the inescapable conclusion that Mr. Hurst *335 was negligent, himself, in backing away from a car which was five feet from a curb without turning around and looking before he backed up. That appears to be the proximate cause of how the accident happened. He backed up without looking.
“So, even though under the law if one person is negligent, if the party who is injured contributes in some way, substantial way to his own injury, then he cannot recover, and because of these factors the Court has directed a verdict of not guilty.”