PER CURIAM.
We reverse the directed verdict entered in favor of defendant and remand for a new trial.
The procedure and criterion to be employed in considering a motion for a directed verdict are well known. 32 Fla.Jur., Trial, §§ 91-98 (1960); Little v. Publix Supermarkets, Inc., Fla.App. 1970, 234 So. 2d 132; Jones v. Hoffman, Fla.App.1970, 239 So.2d 76; Williams v. Dade County, Fla.App.1970, 237 So.2d 776; Hurst v. Krinzman, Fla.App.1970, 237 So.2d 333. When the evidence here is considered in that light, we feel that the trial court erred as there can be gleaned evidence and inferences in favor of plaintiff which are sufficient to defeat such motion.
Defendant was highly active in the purchase and sale of securities and commodities, through his brokerage accounts with plaintiff. During the course of their business plaintiff erroneously credited the defendant’s account with an unearned sum which defendant later spent and dissipated in other trading activities. A corrected statement reflecting the correct situation and amounts due was transmitted to defendant and not paid, giving rise to the suit.
It must be said that the action was not properly or definitively conceived and presented. There was confusion as to whether the suit was on the contract, an account stated, or some other theory, all of which made'uncertain the requirements of proof. Regardless, the underlying indebtedness and liability therefor can be dimly discerned, *678 and the defendant’s admissions and equivocations are enough, at least at this juncture, for the suit to remain in court for disposition in regular course. Upon remand it is our hope that the cause of action will be made certain and that these concerned will be better advised as to the methods and ways of proving same.
Under the circumstances it would not be helpful for us to discuss the defendant’s tardy cross assignments of error.
Reversed and remanded.
REED, C. J., WALDEN and MAGER, JJ., concur.