WALDEN, Judge
(dissenting) :
I dissent.
Although the amount in controversy is small, $786.24, the principle is large, and it is my judgment that plaintiff has been deprived of its day in court.
This was a suit upon an open account for boat storage. Contrary to Tillman v. Baskin, 260 So.2d 509 (Fla.1972), the trial court, upon defendant’s motion, dismissed the suit at the conclusion of plaintiff’s case in a non-jury trial and entered judgment for defendant, all despite the fact that the evidence and all inferences were adequate to establish a prima facie case. I would reverse and remand for a new trial.
Combing through the record, and particularly defendant’s motion, and the memo-randa relied upon by the trial court, it is safely hazarded that this case got off the track when court and counsel confused the actions of open account and account stated. See Hayden, Stone Incorporated v. Van Echteld, 267 So.2d 677 (Fla.App.1972). Clearly, this was an action upon an open account as plaintiff employed, almost verbatim, Form No. 1.932, Florida Rules of Civil Procedure, 31 F.S.A., which is entitled, “Open Account,” (and not Form No. 1.933, entitled “Account Stated”). The account was attached per Rule instruction. It was the usual everyday bill form and showed six monthly items of $126.00 each for storage of the defendant’s yacht, “Sparky.” It exactly reflected the storage dates and time of accrual and showed a tax of $30.24 and a total due from defendant of $786.24.
Did defendant make out a prima facie case? While it might have been more *771 carefully conceived and presented, — and I am sure plaintiff would like a new opportunity today in light of its current predicament — it was altogether adequate to withstand defendant’s motion and defendant should have been required to present his evidence before the trial court made a judgment on the merits. Somewhat hastily, the record establishes without dispute that the defendant’s boat, “Sparky,” was in the plaintiff’s commercial boatyard and storage marina during the time, which would, I suppose, give rise to an inference that plaintiff was entitled to rental in a reasonable amount. The boat was surreptitiously removed by defendants in December 1971 and plaintiff, fearing that he would be beat out of a debt, caused the boat to be attached for the debt now in dispute. An officer of the plaintiff corporation identified the corrected bill and testified that it was presented to the defendant’s wife; that the bill had not been paid; and that a demand for payment had been made. Surely, from this evidence and the inferences, it can be seen that the following matters were established at least prima facie: that the boat was stored in plaintiff’s boatyard for a period from June 19, 1971, to December 19, 1971; that the monthly charge was $126.00; and that the total due was $786.24; that demand had been made and that defendant had failed to pay same.
I simply fail to see the difficulty with this case. It seems basic, at least to me, that defendant should be called upon to come forward and defend. If he denies that his vessel was there, that issue can be adjudicated. If he challenges the amount of rent charged or suggests that he had previously paid the bill or takes issue with any of the facets of the claim, then the trial court would be in a position to weigh the conflicting testimony and make a proper judgment.
For these reasons I find that I am unable to concur with the majority and say that I would reverse and remand, thereby requiring a full trial upon the merits.