PER CURIAM.
This is an interlocutory appeal by the defendant, General John J. Pershing Auxiliary No. 6, Department of Florida, from an adverse order declaring valid a mortgage and note given by defendant Auxiliary to its attorney, Lawrence J. Spiegel, appellee herein, for attorneys fees.
The issue in this cause is the validity of the note and mortgage given by the Auxiliary to attorney Spiegel, as security for the payment of his attorneys fees. No useful purpose would be served by setting out in detail the complex and lengthy facts involved in this case. Suffice it to say, there was a retainer agreement signed by the Auxiliary, stating that the Auxiliary retained Spiegel to prosecute a civil action for the purpose of transferring the property of General John J. Pershing Camp No. 10 of Miami, Florida, to the Auxiliary, and that the attorneys fee for such services will be 10% of the value of all real property owned by the Camp but not less than $7,500.00, plus costs which shall be payable in advance.
The record reflects that the Camp owned one piece of real property, and that the president of the Camp had already entered into a deposit receipt agreement with a purchaser for the sale of the property for $80,000.00. The Auxiliary and Spiegel had knowledge of this agreement. Based on this sale price, under the retainer agreement between Spiegel and the Auxiliary, his attorneys fee would be $8,000.00.
Subsequently, however, Attorney Spiegel again met with representatives of the Auxiliary, with reference to the matter of attorneys fees. At this meeting, agreement was reached that Spiegel was entitled to a fee of $12,000.00. This new fee amount was based on Spiegel’s representation that the property was worth $120,000.00. The Auxiliary gave Spiegel a promissory note in the amount of $12,000.00 plus interest, and secured payment of the note by a mortgage on the property.
The purchaser under the deposit receipt contract then filed an action for specific performance of that contract. The trial court found that she was entitled to specific performance and ordered that the property be conveyed to her for $80,000.00.
While we agree with the trial court that the note and mortgage given to secure Spiegel’s attorneys fees is valid under the facts in this case,[1] the initial written retainer agreement was for 10% of the value of the property which would be $8,000.00. The subsequent agreement which brought about the execution of the note and mortgage by the Auxiliary was based on Spie-gel’s representation that the property was worth $120,000.00. We find that there was no consideration for the additional $4,000.00 attorneys fees. Spiegel was already obligated to serve the Auxiliary to the best of his ability as an attorney under the written retainer agreement for 10% of the value of the property. See Stitt v. Powell, 94 Fla. 550, 114 So. 375 (1927). Under these circumstances, the sale price of the property must be considered as the value of the property.
Therefore, the order granting attorneys fees in the amount of $12,000.00, is hereby modified and reduced to $8,000.00.
It is so ordered.
PEARSON, J., concurs in the decision and result only.

. See Wharton v. Hammond, 20 Fla. 934 (1884).